*R. A. Chandler*, for the appellant.

Nov. Term, 1856.

LANGDON
v.
BULLOCK.

---

## LANGDON v. BULLOCK and Wife.

It cannot be objected under our statute, that a complaint by husband and wife does not show in what respect the wife was the meritorious cause of action; though the objection was, perhaps, good at common law.

The complaint might have been amended below by striking out the name of the wife; and, if necessary, that amendment would be regarded as made here.

If a defendant appear at the first calling of the cause, he must be ruled to plead before he can be defaulted; but if on such calling the defendant should not be present, no rule can be taken against him, but he must be defaulted in the first instance.

By the common law, the Court could not assess the damages in a suit for the tortious taking of personal property; but the rule is changed by statute—by failing to appear at the trial a jury is waived.

Nov. Term,
1856.

LANGDON
v.
BULLOCK.

Thursday,
December 11.

A refusal to set aside a default, upon an affidavit to the effect that the defendant had no recollection of service, is within the discretion of the Court.

APPEAL from the *Vigo* Circuit Court.

STUART, J.—*Bullock* and wife had judgment against *Langdon* below by default. *Langdon* filed an affidavit and moved to set aside the default. Motion overruled. *Langdon* excepted, and took his appeal.

Several errors are assigned, which will be noticed in their order.

1. The complaint does not show in what respect the wife was the meritorious cause of action. This, was, perhaps, a good objection at common law, but not under our statute.

Without noticing the time and manner of making this objection, it is sufficient to say that the party might have amended below by striking out the name of the wife. 2 R. S. p. 48, s. 99. The amendment would, if necessary, be regarded as made here. *The State* v. *Cross,* 6 Ind. R. 387.

2. It is urged that the Court erred in entering a default against the defendant on the first calling of the cause. He should, it is said, have been first ruled to plead, and then if he failed to comply, he might be defaulted. That is the course with parties who appear at the first calling; but if on such calling the defendant is not present, no rule can be taken against him, and a default is to be taken in the first instance. This is clearly the scope of the statute. 2 R. S. p. 42, ss. 68, 69.

3. It is urged that, as the suit was for the tortious taking of personal property, the assessment of damages by the Court was erroneous. That was the common-law doctrine, but the rule is changed by statute. By failing to appear at the trial, a jury is waived. 2 R. S. p. 115, s. 340.

4. The fourth error assigned, is the refusal of the Court to set aside the judgment by default, upon affidavit filed to the effect that he had no recollection of

the service of summons, and hence did not appear. We do not think the Court abused its discretion in refusing to set aside the default for that cause. 2 R. S. pp. 48, 49, s. 99.

*Per Curiam.*—The judgment is affirmed with costs.