SMITH *v.* CARLEY.

As a general rule, a default regularly taken, admits the cause of action; but the declaration or complaint must contain such a statement of facts as will, when admitted, authorize a judgment against the defendant.

Thus, in assumpsit on a promissory note, if the declaration do not allege that the defendant is the maker of the note, and that the note is unpaid, a judgment upon a default cannot be sustained.

APPEAL from the *Johnson* Circuit Court.

*Tuesday, January* 13, 1857.

*Per Curiam.*—The record shows that *Carley*, on the 15th of *October*, 1851, filed in the clerk's office of the *Johnson* Circuit Court his cause of action in this case, in these words: "This is an action of assumpsit brought on a promissory note made payable to *Elijah Bolander*, and by him, on the 11th of *January*, 1851, assigned to the plaintiff, which note is as follows: 'On or before the first day of *September* next, I promise to pay *Elijah Bolander* 90 dollars, value received, without the benefit of the valuation or appraisement laws. *December* 7, 1850. [signed] *George Smith.*'" Upon this statement, a writ was issued to the sheriff of *Johnson* county, and returned not found. Afterwards another writ was awarded by the Court and issued to the sheriff of *Monroe* county, and by him returned served. At the *September* term, 1853, the defendant was duly called, and, failing to appear, was defaulted.

As a general rule, a default, regularly taken, admits the cause of action; but, then, there must be a declaration or complaint containing such a statement of facts as will, when admitted, in point of law authorize a judgment against the defendant. Here, the cause of action is plainly defective. It does not allege the defendant to be the maker of the note. Nor does it aver that the note is unpaid. The proceedings were commenced under the old system of procedure, and there being no

Nov. Term, 1856.

RICKETTS
v.
THE BOARD OF COMM'ERS OF PERRY CO.

sufficient declaration on which to base the judgment, it must be held erroneous.

The judgment is reversed with costs. Cause remanded, &c.

*D. M'Donald*, *W. A. McKenzie*, and *W. Henderson*, for the appellant.