TREW and Others *v.* GASKILL.

Where the defendant fails to appear, judgment may be rendered by default, without previously entering a rule for an answer.

Causes pending at the close of a term of the Common Pleas, are continued by operation of law. No order of continuance is necessary.

An affidavit of the non-residency of a party is not bad for not stating the cause of action, or for containing the qualifying words "as the deponent verily believes."

The Court of Common Pleas has not jurisdiction of an action to foreclose a mortgage for 1,000 dollars or more.

APPEAL from the *Clinton* Court of Common Pleas.

PERKINS, J.—Suit to foreclose a mortgage for over 1,000 dollars. Judgment for the plaintiff by default.

Several errors are assigned.

The process was returnable on the second day of the term. A rule was taken on the first day for an answer on the second. Later in the same term, an affidavit of non-residency was filed as to two of the defendants.

At the next term of the Court, on the fourth day thereof, publication was proved as to the two non-resident defendants, process shown to have been served on the others, and all, being called, made default, and judgment was rendered against them accordingly.

It is contended that the rule for answer granted on the first day of the term was erroneous. This may be true, but we do not see how the error can vitiate the judgment. As a part of the defendants were not served with process, the plaintiff was not bound to proceed to judgment at that term. He might, at his election, postpone taking judgment till all the defendants were before the Court, at least constructively by notice. *Conwell et al.* v. *Smith,* 4 Ind. R. 359. It appears that, at the next succeeding term, all the defendants were regularly called and their default entered.

But it is contended that it was error to take judgment by default, without a rule having been entered for answer against all the defendants. The point was settled differently in *Langdon* v. *Bullock,* 8 Ind. R. 341, and that deci-

May Term,
1858.

TREW
v.
GASKILL.

sion has since been followed (1). A rule for answer need not be granted to a defendant who does not appear. It would be a vain thing.

And it is further objected that the cause was not pending at the term at which the default was taken, because no entry of a continuance appears to have been made. It is said the cause was discontinued. But the statute expressly provides that pending cases, at the close of a term of the Court, shall be continued by operation of law. No order of continuance, as to such cases, is required. 2 R. S. p. 8, § 19.—*Id.* p. 21, § 28.

It is suggested also, that the affidavit of non-residency was insufficient, because it did not recite a cause of action, and was, " as the deponent verily believed." We think the affidavit was sufficient. The complaint on file fully disclosed the cause of action. Section 38, 2 R. S. p. 35, it must be admitted, is confused and obscure, but some reasonable construction must be given to it.

Finally, it is insisted the Court had no jurisdiction, the amount decreed being 1,000 dollars and upwards.

The Common Pleas has jurisdiction in civil actions where the amount is less than 1,000 dollars. It has jurisdiction to foreclose mortgages. A foreclosure suit is now a civil action. 9 Ind. R. [560]. See 2 R. S. pp. 6, 18, 176.

The statutes must be construed together.

*Per Curiam.*— The judgment is reversed. Cause remanded to be dismissed for want of jurisdiction, with leave to withdraw papers below.

*J. N. Sims*, for the appellants.

*J. F. Suit* and *J. M. Cowan*, for the appellee.

(1) See *Blair* v. *Davis*, 9 Ind R. 236; *Blair* v. *Manson*, *id.* 357; *Archibald* v. *Lamb*, *id.* 544; *Key* v. *Robinson*, 8 *id.* 368.