Bonsell *v.* Bonsell.

———————•———————

## BONSELL *v.* BONSELL.

RECORD.—*Appeal.*—*Complaint.*—The fact that, on an appeal, no complaint appears in the record, but the clerk certifies that "no complaint appears on file," is not a cause for the reversal of the judgment.

AFFIDAVIT FOR PUBLICATION OF NOTICE.—*Sufficiency.*—An affidavit to author-

ize publication of notice of a pending proceeding for divorce may be sufficient, although not positive, but as the deponent " is informed and verily believes."

APPEAL.—*Supplemental Record.*—A failure in the record to show notice to the defendant, either by summons or publication, may be supplied by a supplemental record containing such proof.

APPEAL from the Elkhart Common Pleas.

DOWNEY, J.—This was a petition for a divorce by the appellee against the appellant. After notice by publication, she made default, and a divorce was adjudged to him. She appealed, and has assigned several errors.

1. The first is, that there is no complaint in the record alleging any cause for divorce, or any cause of action whatever. It is shown by the record that a complaint was filed, but instead of setting it out, the clerk states, in the record, that "no complaint appears on file." That no complaint is set out in the record is no reason for reversing the judgment. *Collins* v. *The U. S. Express Co.*, 27 Ind. 11.

2. The next objection is, that the affidavit on which publication was made is not positive, but only as the deponent "is informed and verily believes." We think this form is in common use. There is no statute requiring it to be positive. See *Trew* v. *Gaskill*, 10 Ind. 265; *Simpkins* v. *Malatt*, 9 Ind. 543.

3. It is next urged that there is no evidence of notice in the record, either by summons or by publication of notice. This was true when the error was assigned, but since that time a supplemental record has been filed containing the notice and the proof of its publication. This avoids the objection.

4. It is further urged that there is no evidence in the record to sustain the finding of the court. How could counsel expect to find the evidence in the record of a cause disposed of on default?

5. That the judgment is contrary to law, in this, that there is no finding to support the judgment. This objection is not sustained by the record. There was a finding.

6. Lastly, that the court had no jurisdiction to render the judgment. This does not appear.

From what is shown of this case, outside of the record, it is probably one of extreme hardship. But there is no way in which we can apply a remedy.

The judgment is affirmed, with costs.

*J. H. Baker* and *J. A. S. Mitchell*, for appellant.

*A. S. Blake* and *R. M. Johnson*, for appellee.