## JELLEY *v.* GAFF ET AL.

PRACTICE.—*Appearance.—Rule to Answer.*—Without an appearance to the action by the defendant, the court in which such action is pending can not, on the first day of the term at which he was summoned to appear, grant a rule against him, to answer the complaint on the next call of such cause.

SAME.— *Waiver.*—Where, without an appearance, such rule is granted on the first day of such term, a subsequent appearance by the defendant, without objecting to such rule, and its continuance from day to day at his request, are a waiver of his right to question the granting of the original rule.

SAME.—After an appearance to the action by the defendant, such rule may be granted against him on the first or any subsequent day of such term.

SAME.—*Failure to Discharge Rule.—Judgment.—Default.*—Where, after his appearance, the defendant fails to discharge such rule to answer, judgment may be rendered against him as upon default.

SAME.—*Motion to set aside Default.*—After a judgment is so rendered, with the knowledge of the defendant, it is not error to overrule a motion to set aside such default and allow the defendant to plead, based upon affidavits showing the defendant to have a meritorious defence, but alleging no excuse for his failure to discharge such rule.

APPEAL.—*Two Appeals in same Cause.—Supreme Court.*—Where, during the pendency of an appeal of a cause to the Supreme Court, a motion in the lower court to correct the record in such cause is refused, and an appeal is taken to the Supreme Court from such refusal, both appeals constitute but one and the same cause.

From the Ohio Circuit Court.

*A. C. Downey, D. T. Downey* and *H. S. Downey,* for appellant.

*H. D. McMullen,* for appellees.

BIDDLE, J.—Complaint by the appellees, against the appellant, on a promissory note. On the first day of the term, the parties appeared, and the appellant was "ruled to answer on or before the next calling of the cause," to which rule no objection was made. On the fifth day of the term, the appellant not having complied with the rule, the court, upon the regular calling of the cause, closed the rule against him, and "entered judgment as upon a default." 2 R. S. 1876, p. 67, sec. 69. On the sixth day of the term, the appellant moved "to vacate and set aside the judgment taken against him," and allow him to file his answer in the case; but the court overruled the motion, and the appellant reserved his exception to the ruling. The motion was supported by affidavits.

We take the following facts from the bill of exceptions:

That the parties appeared on the first day of the term, and the defendant was "ruled to answer on or before the next calling of the cause." "That the said defendant, James S. Jelley, was on said day, and now is, a practising attorney in said court, and attended to said cause as his own attorney; that on the above named day, when said rule to answer was taken, and on each succeeding day of said term of court, the court announced, in the hearing of said defendant, that the rules to answer, and file other pleadings, would be closed, in this and all other causes, on motion, on the day following the entry of such rules, unless discharged, or in the absence of good cause shown why said rules should be extended; that the defendant, on the second judicial day of said term of court, when said cause was called in its order for a discharge of the rule to answer, hereinbefore set forth, requested the court to extend said rule—no motion being made to close the

same—which request was granted, and that at the same time, when said rule was extended, on enquiry made, the defendant informed the court that he would file his answer on the morning of the third judicial day of said term, and that it would consist of a general denial and a plea of payment; and at no time did the defendant pretend or represent to the court that he would base his defence on any other grounds, prior to the closing of said rule to answer; that at no time did said defendant, prior to the closing of said rule to answer, request the court to require said plaintiffs to allow defendant to inspect and examine the note in suit, nor did he move for a rule on plaintiffs to allow defendant to inspect said note, prior to the closing of said rule to answer; that there was a copy of said note filed with the complaint, and that it remained on file with said complaint; that on the fourth judicial day of said term, the said rule to answer was again extended to the next calling of the cause, at which time the defendant again informed the court, that his answer herein would be a general denial and a plea of payment, and nothing more; that on the fifth judicial day of said term of court, at the hour of nine o'clock, A. M., of said day, while said court was in session, and in the presence of said court, on the request of defendant, H. D. McMullen, said plaintiffs' attorney, furnished the defendant with a true copy of the original note sued on in this action, together with a true copy of the endorsements on said note. And the said plaintiffs' attorney then and there allowed defendant to inspect and examine said original note and the endorsements thereon; and that after having examined and inspected said note and said endorsements, the defendant returned said note voluntarily to plaintiffs' said attorney. And that in the afternoon of said day, at the hour of half-past two o'clock, while the court was proceeding with the regular call of the civil docket for issues, the above entitled cause, in the order in which it stands upon said docket, was called, whereupon the plaintiffs' attorney, H.

D. McMullen, moved the court to close said rule, taken against said defendant, to answer herein, because defendant had failed and neglected to file his answer in compliance with said rule; and defendant interposed a motion that said rule to answer be extended to the next calling of said cause, and, in support of said motion to extend said rule, defendant informed the court that his answer herein would consist of a general denial and a plea of payment, and that he could not prepare his answer and file the same before the meeting of the court the following morning, which motion the court refused to sustain, but overruled the same; that before the said rule was closed the defendant stated to the court that he had not prepared his answer nor any part of it; that the court then proposed to extend said rule for two hours, in which to prepare and file his answer herein, which defendant refused to accept, and thereupon the court sustained the plaintiffs' motion to close said rule to answer; and that within five minutes after said rule was closed, and without leaving the presence of the court, the defendant drew from his pocket, and asked leave of the court to file, the identical answer set forth in and made a part of the record, the defendant having had said answer in his immediate possession, and about his person, when he stated to the court, immediately before said rule was closed, that he had not prepared his answer nor any part of it; whereupon the court refused to allow the said defendant to file his answer."

It is urged on behalf of the appellant, by his counsel, that the court, on the first day of the term, had no power to grant the rule requiring the appellant to answer on the next calling of the cause. This might be true, if there had been no appearance to the action; but in this case the parties had appeared, and the rule was granted, without any objection from the appellant. After the defendant had appeared, it was competent for the court to grant the rule, upon the first or any other day of the term. And

Jelley *v.* Gaff *et al.*

admitting that the affidavits filed in support of the appellant's motion to set aside the judgment, and allow him to answer the action, show a sufficient defence, still they show no sufficient excuse for not filing his answer at the proper time.

It appears very plain to us, from the facts stated in the bill of exceptions, that the court, and the counsel for the appellee, were very liberal in extending the time to allow the appellant to answer. He had a full and fair opportunity to defend his cause, and if he chose to neglect or waste his day in court, he must not complain, even though he has lost his rights. His conduct was such as would not commend itself to the approval of a court.

The above final judgment was rendered by the circuit court, on the 6th day of November, 1874. On the 13th day of November, 1874, the appellant prayed an appeal to this court. On the 20th day of January, 1875, he filed his appeal bond in the court below, and, on the 21st day of April, 1875, filed the transcript in this court. On the 23d day of March, 1877—nearly two years after an appeal had been taken to this court, and more than two years after the rendition of the final judgment below, after the above opinion had been written, and when the cause was about to be decided in this court,—the appellant filed his motion in the court below "to correct an entry made in said cause on the 2d day of November, 1874, in said court," upon the alleged ground, that "the said defendant was not in said court on said day, at any time, neither in person or by any authorized attorney;" which motion was supported by several affidavits, made by different persons. Counsel for the appellees below moved to reject the motion to correct the entry, which motion the court sustained. Exceptions were reserved, and an appeal taken to this court from these subsequent proceedings, and the matter brought here as an independent case. We are of opinion that the two records constitute but one case. The subsequent proceedings to correct the entry would be unintelli-

gible, without reference to the original record. And in our opinion the court committed no error in rejecting the motion to correct the entry as prayed. Whether the appellant was represented in court on the first day of the term, when the original rule to answer was taken against him, had become an immaterial question. It is very clear that he was in court on the second day of the term, and when the rule against him was called made no objection to it, but " requested the court to extend said rule—no motion being made to close the same—which request was granted." It is also very certain that the appellant was in court on the third, fourth and fifth days of the term, confronted with the rule, and still asking further time to discharge it, without making any objections to the time at which the original rule was granted. After these proceedings, the rule was as effectually binding upon the appellant as if he had been in court, and consented to it, on the first day of the term. If he desired to object to the rule, he should have done so in the first instance. He can not be allowed to wait two years and four months, and then take advantage of his neglect. Indeed, his systematic want of diligence is so palpable a device to obtain delay in the payment of the debt, that it cannot be favorably considered.

The judgment is affirmed, with ten per cent. damages and costs.