## FONTAINE v. HOUSTON ET AL.

NOTICE BY PUBLICATION.—*Affidavit for.*—*Foreclosure of Mortgage.*—In an action to foreclose a mortgage on real estate, against a non-resident holder of the equity of redemption, a notice of the pendency of such action, given to such holder by publication, must, to be valid, be based upon an affidavit, complying with the requirements of section 38 of the practice act.  2 R. S. 1876, p. 49.

SAME.—*Jurisdiction.*—*Sheriff's Sale.*—*Case Overruled.*—Where such holder has no actual knowledge of such action, and the notice by publication is based on an affidavit, that the affiant " is informed and believes that the defendant," such holder, " is not a resident of the State of Indiana," such notice is void, the court has no jurisdiction to hear the cause, and a sale made on a decree rendered therein is void.  *Trew* v. *Gaskill*, 10 Ind. 265, overruled.

From the Marion Circuit Court.

*C. P Jacobs* and *E. H. Terrell*, for appellant.

*L. Jordan, H. Jordan* and *R. O. Hawkins*, for appellees.

PERKINS, C. J.—Complaint by Matilda Fontaine, the appellant, to redeem real estate, etc.

Demurrer to the complaint sustained.

Final judgment on demurrer, against the plaintiff, and appeal by her to this court.

The complaint alleges, that, on the 10th day of July, 1862, she was the owner, in fee, of one undivided fourth of certain real estate in Marion county, Indiana, describing it; that The Indianapolis Building and Loan Fund and Savings Association had a mortgage on said real estate of one thousand dollars, prior in date to her deed; that, on the 12th day of July, 1862, said association commenced a suit in the Marion Circuit Court, Indiana, to foreclose said mortgage, and prosecuted said suit to judgment, on which a sale of the real estate was had; that, the plaintiff was, before and at the commencement of said suit, a resident of the State of Kentucky, and not of Indiana, and received no notice, and had no knowledge, of said foreclosure suit, judgment and sale till the year 1875; that said court took jurisdiction in said suit to de-

cree a foreclosure of her equity of redemption, upon publication made upon the following affidavit, and none other, viz.:

"John Caven, being sworn, upon his oath, says, that he is informed and believes that the defendant, Matilda Fontaine, is not a resident of the State of Indiana.

"JOHN CAVEN.

"Subscribed and sworn to this 12th day of July, 1862.

"WILLIAM WALLACE, Clerk."

The averments in the complaint exclude the presumption, that this plaintiff could have authorized any action by any one for her in the premises.

The complaint avers, that this affidavit is not in compliance with the statute, that publication made upon it was void, and that hence the court had no jurisdiction in the case as to her.

She asks to be allowed to redeem.

We have given enough of the complaint to present the only question raised and argued by counsel on either side, and that is this: Was the notice published upon the affidavit above copied a nullity?

It is a fundamental rule of law, that statutory provisions for acquiring jurisdiction of the person of a defendant by publication must be strictly pursued.

We must turn, then, to the statute, and ascertain what its provisions are.

Section 38 of the code, 2 R. S. 1876, p. 49, contains the provisions governing this case, which are these: "Where it appears, by affidavit filed, that a cause of action exists against any defendant, or that he is a necessary party to an action, in relation to real estate, the clerk, by order of the court, if in session, or in vacation without such order, shall cause a notice of the pendency of such action, and the term at which the same will stand for trial, to be published for three weeks successively in some newspaper of general circulation printed in the county, or if none be printed therein, then in the

county in this State nearest thereto in which any such newspaper is printed, in either of the following cases, shown by affidavit:

" *First.* Where the defendant is a foreign corporation, and has property within the State, or the cause of action arose therein.

" *Second.* Where the defendant, being a resident of this State, has departed therefrom, with intent to defraud his creditors, or to avoid the service of the summons, or keeps himself concealed therein, with a like intent.

" *Third.* In all cases where the defendant is not a resident of this State, and the cause of action is founded upon or connected with a contract, or arises from a duty imposed by law, or the object of the action is to enforce or discharge a lien, or to obtain a divorce."

The suit of the Building and Loan Fund Association, above mentioned, was to enforce a lien upon real estate. The plaintiff in this suit, Matilda Fontaine, was a necessary party to that suit, and she was a non-resident. Both of these latter facts should have been shown in the affidavit, to obtain an order of publication. Both were equally material, and the omission of either rendered the affidavit fatally defective. This is not a point to be argued. It is not the privilege of the court, in this class of cases, to dispense with any provision of the statute relative to the acquiring of jurisdiction; but, on the other hand, it is its duty to see that the provisions of the statute are strictly complied with. The facts required to be shown in the affidavit are jurisdictional facts, in cases where the court is expected to proceed to adjudicate upon the rights of parties who have no actual notice of the proceedings; and the courts acquire such right from the statute alone. Thus saith the statute, is the only reason necessary to be given in answer to the question, why it is necessary that the affidavit should contain the omitted statement. The affidavit being fatally defective, the order of publication made upon it was void, the notice by publication was a

nullity, the court acquired no jurisdiction, and the decree of foreclosure against the plaintiff in this suit was void. *Trew* v. *Gaskill*, 10 Ind. 265, is overruled as to this point. It is unsupported by a single authority, so far as we can discover.

It has been suggested, that the decisions in other States may not be in point, because, in them, the modes of commencing suits may be different; that in this State a complaint must be filed before the publication is made, which will disclose the cause of action, etc. Such is the case, so far as we are advised in the other States of the Union. Such is the case in New York. Voorhies' Code, 10th ed., p. 145. It is so in California. Harston Practice, sec. 405. And, in these States respectively, the code of practice contains a provision, substantially the same as ours, for obtaining an order of publication; and the courts in those States hold, that an order of publication obtained upon an affidavit, not containing all the requisites mentioned in the statute, is a nullity, conferring no jurisdiction. Harston Prac., sec. 412, where the cases are collected. Voorhies' Code, 10th ed., p. 137, where the New York cases are cited.

The case of *Johnson* v. *Patterson*, 12 Ind. 471, sustains the decision we make in this case. So do the decisions in this State in attachment cases, which are similar in principle to that now under consideration. *Marnine* v. *Murphy*, 8 Ind. 272.

The judgment is reversed, with costs, and the cause remanded for further proceedings, etc.

Opinion filed at May Term, 1877.

Petition for a rehearing overruled at November Term, 1877