No. 8218.

ROBINSON ET AL., EXECUTORS, *v.* BROWN ET AL.

PRACTICE.—*Endorsement on Complaint Fixing Return Day of Summons.— Statute Construed.—Attorney.*—Where, under section 315 of the code, as amended by the act of March 6th, 1877, Acts 1877, Reg. Sess., p. 105, the endorsement upon a complaint directing the clerk to issue a summons, and fixing the day of the term upon which the defendant shall appear, is signed "W. & T., Att'ys," who had signed and filed the complaint, such endorsement is sufficient to authorize the clerk to issue a summons for the defendant to appear and answer the complaint on the day named.

From the Shelby Circuit Court.

*D. L. Wilson, J. W. Thompson, T. B. Adams* and *L. T. Michener*, for appellants.

*N. B. Berryman*, for appellees.

MORRIS, C.—This suit was commenced by the appellants against appellees upon a promissory note. The complaint was in the usual form. A summons was issued by the clerk, returnable, in accordance with directions endorsed upon the complaint, on the 11th day of October, 1878, which was served on the defendants, the appellees, on the 1st day of October, 1878. On the 11th day of October, 1878, the appellees were called, and, failing to appear, judgment was taken against them by default. On the 14th day of October, 1878, the appellee Wingate, upon his affidavit, moved the court to set aside the default and judgment, for the reason, as stated, "that the complaint was filed on the first day of the present term ; that there was written on the back of the complaint the following pretended direction to the clerk of this court : 'Clerk will issue summons requiring defendants herein to appear and answer the within complaint, Oct. 11th, 1878, the same being the 11th judicial day of the present term. Wilson & Thompson, Att'ys.' That, upon the filing of said complaint, the clerk of this court improperly and illegally issued a pretended summons requiring the defendants to answer on the 10th day of the present term."

The court sustained this motion, set aside the default and judgment, quashed the summons and dismissed the action, to all of which the appellants objected and excepted.

The errors assigned are, that the court erred in sustaining said motion and setting aside the default and judgment, in quashing said summons, and in dismissing said action.

The only question discussed by counsel is, was the endorsement on the complaint, directing the clerk to issue a summons, fixing the 11th day of October, 1878, for the appearance of the defendants, sufficient? The counsel for appellees says: "If the endorsement on the complaint was a sufficient compliance with section 315, p. 105, Acts 1877, to authorize the clerk to issue the summons, returnable on the eleventh day of the term, and the court to render judgment thereon by default, then the court erred in sustaining the appellees' motion."

There is some confusion in the record as to dates, but, as the only question discussed by counsel is that above stated, we shall not notice them.

The objection to the endorsement on the complaint is, that it was not signed by the plaintiff, nor by his attorneys ; that the signature of his attorneys to the endorsement, as "Att'ys," without stating that they were the attorneys of the plaintiffs, is insufficient. Wilson and Thompson were the attorneys of record for the plaintiffs ; their names were signed to the complaint, as attorneys, and to the endorsement.

The statute provides, "That when the complaint is filed, whether before or during any term of court, the plaintiff may fix the day during such term, by endorsement thereof upon the complaint at the time of filing the same, on which the defendant shall appear, which day, when so fixed, shall be stated in the summons when issued, and the action shall be docketed in its order."

The object of the endorsement is to enable the clerk, in issuing the summons, to specify therein the day upon which

the defendant shall appear.    If a plaintiff files his complaint, with an endorsement thereon requiring the clerk to issue a summons, and to name therein a certain day in term for the appearance of the defendant, the clerk would, we think, be authorized to regard the endorsement as a valid direction to him by the plaintiff, though the plaintiff's name was not subscribed to the endorsement.    The statute does not, in terms, require the plaintiff to subscribe his name to the endorsement, and the only purpose which his signature could subserve would be to identify the endorsement as his.    But the fact, that such endorsement was made upon the back of his complaint, would identify it as fully and as satisfactorily as would his signature.    But, however this may be, the attorneys who signed the complaint, signed their names to the direction endorsed upon it, as attorneys, though they did not add that they were the attorneys of the plaintiffs.    The endorsement thus signed was acted upon by the clerk.    He seems to have had no difficulty in reaching the conclusion that the direction proceeded from the plaintiffs, who filed the complaint upon which it was endorsed; nor, with the facts before him, do we see how he could have acted otherwise than he did.

It is said that the case of *Fontaine* v. *Houston*, 58 Ind. 316, shows that the decision below was correct.    In that case the affidavits in question did not contain the facts required by the statute.    Here, the endorsement does contain all the facts required, the only question being, Did the plaintiff make or authorize the endorsement to be made?    It appears that the endorsement was made by the attorneys who signed and filed the complaint.    We think this was sufficient, and that it justified the clerk in issuing the summons requiring the appellees to appear and answer the complaint on the day named.

We think the judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion,

that the judgment below be in all things reversed, at the costs of the appellees; that the cause be remanded with instructions to the court below to reinstate said cause upon its docket, and also to reinstate the judgment.