Old *v.* Mohler.

<hr/>

No. 14,073.

## OLD *v.* MOHLER.

COVENANTS.—*Breach of Warranty.*—*Deed.*—*Exhibit.*—*Complaint.*—In an action by a grantee against his grantor to recover damages for the breach of a covenant against encumbrances, the deed is the foundation of the action, and the original or a copy thereof must be filed with and made a part of the complaint, and if not so filed the pleading is demurrable for failing to state facts sufficient to constitute a cause of action.

PLEADING.—*Instrument Declared on.*—*Filing Copy.*—Where it is averred in the pleading that a copy of the instrument declared on is filed therewith and made part thereof, and an instrument corresponding with the one described in the pleading is found in the transcript in its appropriate place, the pleading will be held sufficient; but where no copy of the instrument appears in the record, the averment that a copy was filed will not make the pleading good as against a demurrer.

SAME.—*Defective Complaint.*—*Cured by Verdict.*—While a complaint de-

Old *v.* Mohler.

fective on account of the failure of the pleader to set out the original or a copy of the written instrument upon which the pleading is founded, will be cured by a verdict or finding, if a fact or averment is entirely omitted, which is essential to the right of action, the defect will not be cured by a verdict.

APPEAL.—*Judgment by Default.*—*Sufficiency of Complaint to Support.*—*Supreme Court.*—Where a judgment is taken by default, the Supreme Court on appeal in considering whether or not the complaint is sufficient to support the judgment, can not assume that anything was proved beyond what was alleged in the complaint, nor can the complaint be considered as having been amended to meet the proof.

SAME.—*Judgment by Default on Defective Complaint.*—Any defect in a complaint which would have been available as a ground of demurrer before judgment, may be taken advantage of on appeal after judgment by default.

COFFEY, J., dissents.

From the Miami Circuit Court.

*W. E. Mowbray,* for appellant.

*J. M. Brown* and *N. N. Antrim,* for appellee.

MITCHELL, C. J.—John H. Mohler sued James H. Old to recover damages for the breach of a covenant against encumbrances. He charged in his complaint that the defendant had sold and conveyed certain real estate to him by deed, containing full covenants of warranty, and that while he had assumed the payment of encumbrances on the land to a certain amount, there existed encumbrances to the amount of seventy-seven dollars which he had not assumed, but which he had been compelled to pay in order to protect his title. Judgment by default for the amount claimed in the complaint, with interest.

Old prosecutes this appeal, and makes the question that the complaint does not state facts sufficient to constitute a cause of action, in that neither the original nor a copy of the deed was exhibited with the complaint. The action is predicated upon a covenant against encumbrances supposed to have been contained in the deed. That instrument was, therefore, the foundation of the action, and it was essential that

the original or a copy should have been filed with and made a part of the complaint. *Craig* v. *Donovan*, 63 Ind. 513 ; *Wadkins* v. *Hill*, 106 Ind. 543 ; *Overly* v. *Tipton*, 68 Ind. 410.

As was in effect said in *Brown* v. *State, ex rel.*, 44 Ind. 222, the statute is imperative that the instrument, or a copy thereof, which constitutes the foundation of the action must be filed with the pleading, alleging that it is filed is not enough. It must, in fact, be filed, and if it is not the pleading is demurrable. *Ashley* v. *Foreman*, 85 Ind. 55, and cases cited ; *Montgomery* v. *Gorrell*, 51 Ind. 309.

Where it is averred in a pleading that a copy of the instrument declared on is filed therewith and made part thereof, and an instrument corresponding with the one described in the pleading is found in the transcript in its appropriate place, the pleading will be held sufficient. *Northwestern, etc., Ins. Co.* v. *Hazelett*, 105 Ind. 212 ; *Hill* v. *Mayo*, 73 Ind. 357.

Where, however, as in the present case, no copy of the instrument appears in the record, the averment that a copy was filed will not make the pleading good as against a demurrer. These propositions are not seriously controverted, but it is contended that inasmuch as there was no demurrer to the complaint in the court below, the objection that no copy of the instrument sued on was filed is not available when made for the first time in this court, or by motion in arrest after verdict.

It is certainly true, as a general rule, that there is an "important and well defined distinction, resting upon sound and solid ground, between cases in which the attack is by demurrer and those in which it is by motion in arrest," or where the pleading is questioned for the first time in this court after a judgment in the court below. *Parker* v. *Clayton*, 72 Ind. 307 ; *Lassiter* v. *Jackman*, 88 Ind. 118 ;· *Owen School Tp.* v. *Hay*, 107 Ind. 352 ; *Eberhart* v. *Reister*, 96 Ind. 478.

Section 658, R. S. 1881, provides, in substance, that no

judgment shall be reversed for any defect in form, contained in the pleadings, etc., which by law might be amended by the court below, but such defects shall be deemed amended in the Supreme Court, and that no judgment shall be reversed where it shall appear to the court that the merits of the cause had been fairly tried and determined in the court below.

It has often been held that the effect of this section is to prevent a reversal on appeal because of the existence of defects in a complaint which would have rendered it insufficient as against a demurrer, but which may have been supplied by proof and cured by the verdict.

It is settled by many decisions that a complaint that is defective on account of the failure of the pleader to set out the original or a copy of a written instrument upon which the pleading is founded, will be cured by a verdict or finding. *Westfall* v. *Stark*, 24 Ind. 377; *Scott* v. *Zartman*, 61 Ind. 328; *Owen School Tp.* v. *Hay, supra,* and cases cited. Where, however, a fact or averment is entirely omitted which is essential to the right of action, as where in an action for a personal injury there is no averment that the plaintiff was free from fault, the defect will not be cured by a verdict. *Eberhart* v. *Reister, supra; Mansur* v. *Streight,* 103 Ind. 358; *Peters* v. *Banta,* 120 Ind. 416.

It will be presumed, to the extent that the plaintiff's cause of action was defectively or inaccurately stated, no fact essential to the cause of action being omitted, that the facts imperfectly stated which were necessary to support the action were proved at the trial, and the complaint will be considered as having been amended to correspond with the proof.

This rule has, however, no application to a case where judgment has been taken by default. One who takes a judgment by default, must on an appeal seasonably taken, be content to stand upon his complaint as he makes it, for in considering whether or not it is sufficient to support a judgment so taken the court can not assume that anything was proved beyond what was alleged in the complaint, nor can the com-

plaint be considered as having been amended to meet the proof.

In the language of a standard author, "A default cures no defect in the declaration, which would not have been aided, on a general demurrer. For no fact can be presumed to have been proved, when no trial has been had, and no proof exhibited. And, therefore, a motion in arrest of judgment, for the insufficiency of the declaration, after a default, operates precisely as a general demurrer to the declaration would have operated." Gould Pleadings, 471.

Mr. Bliss, in his work on Code Pleading, section 438, after enumerating a variety of defects in pleadings which are held to be cured by intendment after verdict, concludes by saying that "in all these instances, and some others which are given as illustrations, the defects are held to be cured by verdict, although they would have been fatal on demurrer or on default."

In *Collins* v. *Gibbs*, 2 Burr. 899, decided in 1759, Lord MANSFIELD said: "This is a motion made by the defendant in arrest of a judgment by default; so that it comes before the court exactly as if it had been upon demurrer; and is not like the cases of objections to judgments after verdict."

In *Abbe* v. *Marr*, 14 Cal. 210, the court said: "A judgment by default can no more be taken under our practice act, when the complaint shows no legal cause of action, than it can be taken over a general demurrer." *Strock* v. *Commonwealth*, 90 Pa. St. 272.

As is correctly stated in *Smith* v. *Carley*, 8 Ind. 451, as a general rule a default regularly taken admits the cause of action; but the declaration or complaint must contain such a statement of facts as will, when admitted, authorize a judgment against the defendant. In the case last cited it was held that a judgment by default could not be sustained on appeal where the declaration on a promissory note was defective, in that it was not alleged therein that the defendant was the maker of the note, and that the note remained un-

Old v. Mohler.

paid. A judgment taken by default on a defective complaint is good as against a collateral attack, but is liable to be reversed on appeal, and it is not essential that there should have been a motion in the court below to set it aside. *Wright* v. *Norris,* 40 Ind. 247 ; *Monroe* v. *Strader,* 33 Ind. 111; *Odell* v. *Carpenter,* 71 Ind. 463 ; *Baldwin* v. *Humphrey,* 75 Ind. 153.

The foundation of the plaintiff's cause of action, in the present case was a deed which he alleges in his complaint contained full covenants of warranty. In the absence of the deed, the original or a copy of which the statute imperatively requires should be filed with the complaint, the above averment was a mere conclusion of the pleader. If the deed was in the statutory form, then the law imported into it a covenant against encumbrances ; if it was not, the liability of the defendant depended upon the covenants actually written therein, and upon these subjects the instrument which constitutes the foundation of the action controls the averments in the complaint. In the absence of the instrument it is clear that the complaint did not state facts sufficient to constitute a cause of action or to support a judgment rendered upon a default when tested by an appeal.

A defendant is not bound to answer a complaint which upon its face states no cause of action against him. He may rely upon the court not to render an erroneous judgment against him, and if such a judgment is rendered upon default, he may have it reversed upon appeal. *Mather* v. *Gallia Furnace Co.,* 1 West. Law Mon. 351.

The rule seems to be settled that any defect in a complaint which would have been available as a ground of demurrer before judgment, may be taken advantage of on appeal after judgment by default.

Judgment reversed, with costs.

COFFEY, J., dissents.

Filed March 19, 1890.