## ERHARDT v. PFEIFFER.

[No. 4,070. Filed October 10, 1902.]

PLEADING.—*Defects.*—*Judgment on Default.*—*Action on Note.*—*Failure to File Copy.*—A judgment by default will not cure the defect in a complaint on a promissory note of failure to set out a copy of the note, as against an attack for the first time on appeal.

From Allen Superior Court; *J. H. Aiken*, Judge.

Action by William H. Pfeiffer against Charles Erhardt on a promissory note. From a judgment for plaintiff on default, defendant appeals. *Reversed.*

*S. M. Hench*, for appellant.

HENLEY, P. J.—Appellee commenced this action in the trial court by a complaint in one paragraph upon the promissory note. The complaint is brief and in the following words: "Comes now William H. Pfeiffer the above named plaintiff and complains of George Erhardt, Jacob W. Miller, Charles Erhardt, and Chester Holder defendants hereto, and says: That on the 28th day of June, 1898, by their promissory note, a copy of which is filed herewith, and made a part of this complaint, marked A, promised to pay Chester Holder the sum of $300, with eight per cent. interest thereon from date until paid, and attorney's fees, which sum of $300 and the interest thereon as aforesaid remains due and unpaid, with attorney's fees thereon, which attorney's fees amount to, and is reasonably

worth $40, which said note, before the maturity thereof, was duly transferred and sold to plaintiff for a good and valuable consideration, and indorsed to him, a copy of which is filed herewith and made a part of this complaint. Wherefore plaintiff demands judgment against said defendant for $400 and other relief." It appears from the record that no copy of the note or of the assignment of the note to the appellee was filed with the complaint. Appellant was defaulted, and judgment rendered against him.

One of the errors assigned in this court is that the complaint does not state facts sufficient to constitute a cause of action. Counsel for appellant contends that the judgment of the trial court must be reversed because of the insufficiency of the complaint, in this: that the complaint fails to set out the original or a copy of the written instrument upon which the pleading is founded. The rule of pleading stated by counsel is unquestionably correct and has been so uniformly held in all cases where the pleading was tested in the first instance by demurrer. It has often been held, however, that a complaint, that is defective on account of the failure of the pleader to set out the original or a copy of the written instrument upon which the pleading is founded, will be cured by verdict or finding. *Owen School Tp.* v. *Hay,* 107 Ind. 351; *Old* v. *Mohler,* 122 Ind. 594. It has also been held by our Supreme Court that where, as in the case under consideration, no copy of the instrument appears in the record, the averment that the copy was filed will not make the pleading good as against demurrer. *Old* v. *Mohler, supra.* It has also been held that a judgment by default does not cure a defective complaint in any respect, and that upon appeal the complaint stands in exactly the same position as if attacked in the trial court by demurrer.

In the case of *Old* v. *Mohler, supra,* the Supreme Court said: "It will be presumed, to the extent that the plaintiff's cause of action was defectively or inaccurately stated,

no fact essential to the cause of action being omitted, that the facts imperfectly stated which were necessary to support the action were proved at the trial, and the complaint will be considered as having been amended to correspond with the proof. This rule has, however, no application to a case where judgment has been taken by default. One who takes a judgment by default, must on an appeal seasonably taken, be content to stand upon his complaint as he makes it, for in considering whether or not it is sufficient to support a judgment so taken the court can not assume that anything was proved beyond what was alleged in the complaint, nor can the complaint be considered as having been amended to meet the proof. In the language of a standard author, 'A default cures no defect in the declaration, which would not have been aided, on a general demurrer. For no fact can be presumed to have been proved, when no trial has been had, and no proof exhibited. And, therefore, a motion in arrest of judgment, for the insufficiency of the declaration, after a default, operates precisely as a general demurrer to the declaration would have operated.' Gould Pleading 471."

The question raised by counsel for appellant seems to have been settled by our courts in his favor. The judgment is therefore reversed.