CITY OF GARY, THE GARY INDIANA FIRE DEPARTMENT CIVIL SERVICE COMMISSION, AND ELI MANDICH, THE REVEREND ROBERT LOWERY, AND DANNY CIFALIA, INDIVIDUAL MEMBERS OF THE GARY INDIANA FIRE DEPARTMENT CIVIL SERVICE COMMISSION *v.* WILLIE BAKER, JR.

[No. 3-474A61. Filed September 18, 1975.]

*Charles A. Ruckman*, Corporation Counsel, City of Gary, *James J. Stankiewicz*, Assistant City Attorney, Gary, for appellants.

*James A. Greco*, Gary, for appellee.

HOFFMAN, J.—This appeal arises from an entry of a default judgment by the trial court against defendants-appellants The Gary, Indiana Fire Department Civil Service Commission, Eli Mandich, Reverend Robert Lowery and Danny Cifalia upon a complaint in mandate filed by appellee Willie Baker, Jr. (Baker). Such complaint sought enforcement of a default judgment entered against the City of Gary (City) upon an appeal initiated by Baker from a determination by

the Board of Works of the City of Gary that he be suspended and terminated from his employment with the City Fire Department.

A summons was served upon and a default judgment was entered against the City in the appeal action, and each of the remaining defendants-appellants in the mandate action.[1] In granting such default judgments, the trial court relied upon the facts that there had been no appearances entered in the action by appellants, and that no pleadings of any kind had been filed by them.

Appellants contend on appeal that the trial court erred as a matter of law in granting a default judgment in the appeal action.

The procedures applicable to Baker's appeal to the trial court are delineated, in part, by IC 1971, 18-1-11-3 (Burns Code Ed.):

"Any member of such fire or police force who is dismissed from such force, as aforesaid, or is suspended therefrom for any period in excess of ten [10] days shall have the right to appeal to the circuit court or superior court of the county in which such city is located, from such decision of dismissal or suspension by said board, but shall not have the right of appeal from any other decision. Such appeal shall be taken by such party filing in such court; within thirty [30] days after the date such decision is rendered, a bond as herein required and a verified complaint stating in concise manner the general nature of the charges against him or her, the decision of the board thereon, and a demand for the relief asserted by plaintiff. Such city shall be named as the sole defendant and the plaintiff shall cause summons to issue as in other cases against such city. The board of public safety or the board of metropolitan police commissioners, or the members thereof, shall not be made parties defendant to any such complaint, but shall

---

1. The complaint in mandate was filed in the trial court under the same cause number as the appeal action. Thus, the City was already a party to such action.

The propriety of this procedure has not been questioned on appeal and the court expresses no opinion as to such issue.

be bound by such service upon the city and the judgment rendered by the court. *No pleading shall be required by such city to such complaint, but the allegations thereof shall be deemed to be denied.* \* \* \*." (Emphasis supplied.)

It thus appears, and appellee Baker concedes, that the City was not required to file a responsive pleading to his complaint, and that the trial court could not have properly defaulted the City for a failure to do so.

The alternative basis stated by the trial court and urged by appellee upon which this default judgment could rest is a failure of the City to appear and begin to defend the appeal. Appellee asserts that because the City did not promptly enter an appearance, a default proceeding without notice to it was proper. Appellee supports this contention by references to certain of the trial rules contained in our Indiana Rules of Procedure.

The provisions of the Indiana Rules of Procedure govern the prosecution of appeals such as Baker's insofar as they do not conflict with the procedures expressly stated in IC 1971, 18-1-11-3, *supra*. *City of Mishawaka* v. *Stewart* (1974), 261 Ind. 670, 310 N.E.2d 65. Ind. Rules of Procedure, Trial Rule 55, provides, in part, as follows:

"(B) Default judgment. \* \* \* If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by a representative, his representative) shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application. \* \* \*.

\* \* \*

"(E) Judgment against governmental organizations. A judgment by default may be entered against a governmental organization."

Appellee contends that the above quoted portions of Trial Rule 55, *supra*, are supportive of the decision of the trial court. He asserts that because subsection "(E)" of such rule expressly authorizes default judgments against governmental

organizations, and subsection "(B)" impliedly authorizes no-notice defaults where a party has not appeared, the City was properly defaulted without notice of the default proceeding in the case at bar.

However, IC 1971, 18-1-11-3, *supra,* provides that no responsive or other pleadings are required by cities who are defendants in appeals such as that now at issue.

In considering the applicability of this statutory provision to the case at bar, it must be remembered that when this court is confronted with a statutory ambiguity, its primary objective in construing the statute must be to ascertain and effectuate its general intendment. *State ex rel. Murray* v. *Estate of Riggens* (1975), 164 Ind. App. 314, 328 N.E.2d 248; *Kirby* v. *Indiana Employment Security Board* (1973), 158 Ind. App. 643, 304 N.E.2d 225. Further, where one statute deals with a subject in general terms and another deals with a part of the same subject-matter in a more detailed or specific manner and the two are not repugnant, they should be harmonized. And, upholding the manifest spirit of a legislative enactment should prevail over a blind adherence to its exact letter. *Kirby* v. *Indiana Employment Security Board, supra.*

The enactment of IC 1971, 18-1-11-3, *supra,* indicates our Legislature's recognition of the unavoidable delays often experienced in litigation by governmental organizations, and its desire that appeals such as that in the case at bar not be resolved against cities on the basis of technicalities of procedure. Such provision further indicates a legislative awareness of the ready availability of a governmental organization such as a city as a party-defendant.

In light of these considerations, it would be a blatant subversion of legislative intent to hold that even though a city-defendant in such an appeal is deemed to have answered the allegations of the complaint, it may be defaulted without notice for a failure to enter an ap-

pearance in such an appeal proceeding at a time when no matters are set for hearing by the court and when notice of such default proceeding could readily have been given to the city. IC 1971, 18-1-11-3, *supra,* must be considered to import a constructive appearance by such cities in such appeals for the purposes of default proceedings under Trial Rule 55, *supra.* As a result, notice to such cities of any hearing on a motion for default is a prerequisite to the entry of default against them. See: *Hiatt* v. *Yergin* (1972), 152 Ind. App. 497, 284 N.E.2d 834 (transfer denied); Trial Rule 55 (B), *supra.* In the case at bar, such notice was not given, and the default judgment entered against appellant must be set aside. *Northside Cab Company, Inc.* v. *Penman* (1973), 156 Ind. App. 577, 297 N.E.2d 838.

Accordingly, the judgment of the trial court must be reversed, and this cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Staton, P.J., concurs; Garrard, J., concurs with opinion.

## CONCURRING OPINION

GARRARD, J.—I agree that the City of Gary was improperly defaulted and the judgment must be reversed.

The action is an appeal from the administrative decision terminating appellee Baker from the Gary Fire Department. As such, it is governed by IC 1971, 18-1-11-3. Also, as pointed out by Judge Hoffman, that statute obviates the necessity of the city filing any responsive pleading. Accordingly, the city was not subject to default on that ground.

The remaining ground assigned to support the default was the failure of the city to have its appearance (in person or by counsel) entered in the action. Although the statute does not expressly speak to this question, I find the failure does not, under such a statute, constitute grounds for default.

Under the code practice existing in Indiana prior to the adoption of our present rules of procedure, a complaint was deemed to stand for issue and trial upon the return date indorsed upon the summons if proper service was had. *See,* Ind. Ann. Stat. § 2-801 (Burns 1967 Repl.) and § 2-1905 (Burns 1968 Repl.) both of which were repealed with the adoption of the new rules.

Under that practice the appearing defendant was ruled to plead and his failure to do so would subject him to default. *Jelley* v. *Gaff* (1877), 56 Ind. 331.

Where a properly served defendant failed to appear, he too was subject to default. This, however, appears to have been because of the uselessness of requiring that he be first ruled to plead. *Langdon* v. *Bullock* (1856), 8 Ind. 341; *Trew* v. *Gaskill* (1858), 10 Ind. 265.

Thus, by defaulting, judgment might be entered against the defaulter because he was deemed to have confessed to the allegations of the complaint.[1] *Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N.E. 351; *State Bd.* v. *Pickard* (1931), 93 Ind. App. 171, 177 N.E. 870.

However, only traversable averments in the complaint were deemed admitted, *Richcreek* v. *Russell* (1904), 34 Ind. App. 217, 72 N.E. 617; and if the complaint was subject to demurrer, this could be raised on appeal to secure reversal. *Old* v. *Mohler* (1889), 122 Ind. 594, 23 N.E. 967; *Smith* v. *Carley* (1856), 8 Ind. 451.

The Indiana Rules of Civil Procedure, Trial Rule 4, to reduce the time necessary to bring a case to issue, eliminated the old requirement of an appearance followed by a rule to plead. The concept that the case stood for issue and trial on the return date was eliminated. In so doing, the rules eliminate the formal entry of appearance as an operational event.

---

1. This, of course, did not apply to the amount of damage claimed.

I affirm the desirability of the entry of a formal appearance for practical reasons. In addition, it is conceivable that a duly notified defendant seeking a continuance may be ill advantaged where it appears that the request would have been unnecessary had a formal appearance been entered. However, where by statute no responsive pleading is required, a defendant cannot be deemed to have admitted the allegations against him. Neither does his want of formal appearance delay putting the case at issue or require "the performance of useless acts" by the court.

I would therefore hold that in this case, failure to enter an appearance does not constitute a ground for default.

NOTE.—Reported at 333 N.E.2d 808.