No. 15,849.

CICERO SCHOOL TOWNSHIP *v.* THE CHICAGO NATIONAL BANK.

SUMMONS.—*Against Township Trustee.*—A summons, reading, "You are hereby commanded to summons trustee Cicero school township," etc., sufficiently indicates that the action is against the township, and not against the trustee personally, and the township is bound to take notice of the pendency of the action. *Vogel* v. *Brown Township,* 112 Ind. 299, distinguished.

From the Tipton Circuit Court.

*W. R. Oglebay* and *C. N. Pollard,* for appellant.

*J. N. Waugh* and *J. P. Kemp,* for appellee.

McBRIDE, J.—The only error assigned in this case is that the court erred in sustaining a demurrer to a paragraph of plaintiff's complaint. Appellant brought suit to set aside a judgment recovered at a previous term of court, on the ground that the court rendering it had never acquired jurisdiction of the person of the defendant, and that by reason thereof the judgment was void. The only question presented is as to the sufficiency of the summons, which is as follows:

"THE STATE OF INDIANA, Tipton County, ss:

"The State of Indiana, to the sheriff of Tipton county, greeting: You are hereby commanded to summons trustee Cicero school township, Tipton county, Indiana, to appear in the Tipton Circuit Court, before the judge thereof, on the 25th day of February, 1888, the same being the eighteenth judicial day of the February term of said court, which term will commence at the court-house in Tipton on the first Monday in February, 1888, then and there to answer the complaint of the Chicago National Bank, and of this writ make due return.

"Witness, Henry H. Thomas, clerk of said court, and the seal thereof hereunto affixed, at Tipton, this 15th day of February, 1888.          HENRY H. THOMAS, Clerk."

No question is made as to the fact of the service of this summons. That it was issued in time, and was, in fact, served on the trustee of Cicero school township more than ten days before the rendition of the judgment, is not disputed. There was no appearance, in that case, for the township, and the judgment was on default. Counsel for appellant insist that this summons was not against the township, but was a summons to its trustee, or agent, only, and that the township was not bound to take notice of it, and cite *Vogel* v. *Brown Township*, 112 Ind. 299, as authority. In that case summons was issued against "Valentine Strange, trustee of Brown civil township, Martin county, Indiana," and the court says: "This can not be regarded as a writ against the township. Strange, although the trustee, was not the township. At most he was its special agent, with naked statutory powers."

This is unquestionably true. The summons was plainly against Valentine Strange. The addition of the words "trustee," etc., is merely *descriptio personæ*. *Hobbs* v. *Cowden*, 20 Ind. 310. And although summons in that case was served upon the trustee it was held that there was no legal notice to the corporation, for the reason that the summons did not purport to be directed against it, but did purport to be directed against the trustee personally. Nor would the fact that the trustee had personal knowledge of the action, and had reason to believe that while the summons was against him personally, it was, in fact, intended to be against the township, affect the question. As trustee of the township he was charged, and through him the township was charged, only with notice of such facts as were disclosed upon the face of the summons, and such inferences as might be fairly drawn therefrom. We can not, however, agree with appellant, that the summons in this case is open to this objection. Section 317, R. S. 1881, provides that "No summons, or the service thereof, shall be set aside, or be adjudged insufficient, where there is sufficient substance about either to inform the party on whom it may be served, that there is an

action instituted against him in court, the name of the plaintiff and the court, and the time when he is required to appear."

In the summons in this case there was certainly sufficient to inform the trustee that an action had been instituted against him in court, not personally, but in his representative character. This could only mean that plaintiff in that action was asserting a claim against the township of which he was trustee.

There was nothing to indicate that plaintiff was asserting any claim against him personally, any more than there would have been if the word "trustee" had been omitted.

The summons clearly indicates that the action is against the officer, and not against the individual, and against the officer as the representative of the school township, and being the proper person upon whom process against that townsnip should be served, the township was thereby bound to take notice of the pendency of the action. In our opinion the demurrer was correctly sustained.

Judgment affirmed, with costs.

