No. 17,368.

EATON, TREASURER, *v.* UNION COUNTY NATIONAL BANK.

JURISDICTION.—*Waiver of Notice, What Does Not Amount to.—Appearance.*—The presence in court of one who is not served with process can not be regarded as waiver of the notice required by law, without some step or action on his part signifying a willingness that the question tendered by the complaint may be submitted to, and determined by, the court. There must be some formal entry, or plea, or motion, or official act to constitute an appearance.

TAXES.—*County Board of Review.—Waiver of Statutory Notice, What Does Not Amount to.—Jurisdiction.*—Where a bank cashier was called before the county tax board of review, not for the purpose of acquiring jurisdiction over the bank, but for the purpose of testifying as a witness in relation to the affairs of the bank; and it appears that the cashier did not submit to the jurisdiction of the board, or voluntarily acquiesce in the assumed right of the board to raise the valuation of the bank's lists, such presence before the board did not amount to a waiver of the notice required by statute.

APPEARANCE.—*What Does Not Amount to.*—With no knowledge of the pendency of proceedings against him, the presence of a defendant in open court, and his responses to inquiries by the court, do not constitute an appearance.

From the Union Circuit Court.

*T. D. Evans*, for appellant.

*L. H. Stanford*, for appellee.

HACKNEY, J.—The Board of Equalization of Union county, at its meeting in June, 1889, raised the valuation of the appellee's capital stock in the sum of twenty-five thousand dollars.

The Circuit Court enjoined the appellant from collecting the tax upon such added valuation, and the appellant, as treasurer of said county, now urges the insufficiency of the complaint, the incorrectness of the court's conclusions of law upon special findings, and an error in overruling his motion for a new trial. The only error claimed against the complaint is that it does not allege

a compliance with section 59 of the act of March 6, 1891 (Acts 1891, p. 219.) That section relates to the listing of property for taxation and not having been in force for two years after the appellee's lists were returned, we are unable to discover the relevancy of the appellant's proposition.

The second and third questions argued present the remaining inquiry. Did the board possess the power to raise the valuation of the appellee's capital stock? Previous general notice of the convening of the board was published and the session lasted but one day. On that day the board required the sheriff to request the appellee's cashier to appear before the board and, pursuant to verbal request, the cashier was present at the meeting and answered such questions as were asked of him by the members, concerning the affairs of his bank. Without further notice to the appellee, the valuation was so increased. The appellee or its cashier had no notice or knowledge of any proposition to revise or increase said valuation, and no information that the same was increased until after the adjournment of the board. It is conceded that the power of the board is to be found only in the act of March 9, 1889, section 2127, Elliott's Supp. That act required the previous publication of notice of the time, place and purpose of the board's meeting.

It gave the board power to hear complaints of the owners of personal property, and with other powers "to correct any list or valuation" or "to increase the valuation placed upon property that has been listed for taxation." It was provided, however, that the board should "cause the names of the persons   *   *   *   the valuation of whose property is to be increased, to be inserted in the notice heretofore provided for, or such board may, at its option, cause to be served upon the person   *   *   *

the valuation of whose property is to be increased, a written notice that it is proposed to revise or correct his list. * * * In case such board elects to give the written notice herein provided for, it shall be issued by the auditor to the sheriff of the county, who shall serve the same at least three days before the matter is called up for hearing." The published notice of the convening of the board, as we have said, was general, and it did not name the appellee, or state any purpose to revise its lists or increase its valuation.

It is insisted by the appellant that the notice required, by the act from which we have quoted, was required only as to individuals, and not as to the appellee, and the cases of *Hyland, Aud., v. Brazil Block Coal Co.*, 128 Ind. 335, and *Hyland* v. *Central Iron, etc., Co.*, 129 Ind. 68, are cited to this proposition. Those cases construed sections 6357 and 6358, R. S. 1881. By those sections certain classes of corporations, specifically named, were required to list their stock, its market value, etc., and it was directed that the auditor should lay such lists before the board of equalization, at its annual meeting, for an assessment and valuation by such board. Such corporations were only those organized under the laws of this State, and did not include national banking associations, organized under acts of Congress. The appellee, a national banking association, was not included among the corporations so named, and the sections so construed in no manner affect the question before us.

The shares of stock of a banking association, organized under the laws of the United States, were subject to taxation as other personal property, R. S. 1881, section 6344, and were required to be listed and assessed by the assessor as the property of other corporations and individuals, R. S. 1881, section 6345, but there was no re-

quirement that the board of equalization should, as in case of other corporations, make an original assessment and valuation of such stock. As to such capital stock, the act of March 9, 1889, *supra*, supplied the power of the board to revise and increase valuations, upon the notice as we have shown. It is needless to say, therefore, that the decisions in the cases cited have no application here.

It remains to inquire as to the effect of the cashier's presence before, and his responses to the inquiries of, the board.

The record of the board failed to disclose any notice to the appellee or the presence of its cashier at the meeting, and the only entry upon the subject was a general statement that the valuation was increased $25,000. It is found, also, that instead of consenting or acquiescing in the action of the board, the cashier, when present before the board, objected to any change or increase in the valuation of the appellee's capital stock.

There is no pretense that the verbal request to the cashier was a compliance with the statute as to notice to the appellee, but it is urged that his appearance was a waiver of the notice required by the statute. We do not question the soundness of the rule that some notice, though defective, may give jurisdiction so as to preclude a collateral attack upon the proceedings of a judicial or *quasi* judicial tribunal, nor do we doubt that one may voluntarily appear and submit to the jurisdiction of such tribunal so as to waive any right to insist that no jurisdiction over the person existed, nor do we doubt that the cashier was the appellee's agent for the purposes of the service of notice or the waiver of notice.

But it is manifest from the facts specially found by the court and from the evidence upon the trial that the cashier was called, not for the purpose of acquiring juris-

diction over the appellee, but for the purpose of testifying as a witness in relation to the affairs of the bank. It is manifest, also, that he did not submit to the jurisdiction of the board or voluntarily acquiesce in its right to raise the valuation of the appellee's lists, since it was shown upon the trial and found by the court that he protested against any action of the board. As said in *Kuntz* v. *Sumption*, 117 Ind. 1: "A man may be subpoenaed as a witness in an action pending against him, but unless he is summoned or notified as a party, under some law authorizing a summons or notice, the proceedings are utterly void." With no knowledge of the pendency of proceedings against him, the presence of a defendant in open court and his responses to inquiries by the court do not constitute an appearance. *Merkee* v. *City of Rochester*, 20 N. Y. Supreme, 157.

The presence in court of one who is not served with process can not be regarded as a waiver of the notice required by law, without some step or action on his part signifying a willingness that the question tendered by the complainant may be submitted to and determined by the court. "There must be some formal entry, or plea, or motion, or official act to constitute an appearance." *McCormack* v. *First National Bank, etc.*, 53 Ind. 466; *Scott* v. *Hull*, 14 Ind. 136.

The appearance of one before a board of county commissioners, when called by the board, and without formal notice and having no knowledge of the purpose of the board, does not constitute such an one a party to proceedings that may be had by the board concerning his interests. *Robinson* v. *Board, etc.*, 37 Ind. 333.

Finding no error in the record the judgment of the circuit court is affirmed.

Filed May 3, 1895.