## KIRKPATRICK CONSTRUCTION COMPANY v. CENTRAL ELECTRIC COMPANY ET AL.

### [No. 19,989.   Filed January 8, 1903.]

PROCESS.—*Summons.—Jurisdiction.—Corporations.*—A summons issued and served upon the president and secretary of a corporation in their individual capacity did not give the court jurisdiction of the corporation. *pp. 642, 643.*

APPEARANCE.—*Jurisdiction.—Corporations.*—Where the attorney of a corporation in an action against the corporation acknowledged service of notice to take depositions, was present in court at the publication of the depositions and made no objection thereto, was present when a continuance was requested by plaintiff, and stated that it did not matter when it was tried, that plaintiff could have all the time it desired so far as he was concerned, whereupon such cause was continued as by agreement, such action on the part of the attorney amounted to an appearance. *p. 643.*

SAME.—*Agreement to Continuance.*—An agreement by defendant's attorney to a continuance constitutes an appearance. *p. 644.*

From Hancock Circuit Court; *E. W. Felt,* Judge.

Suit by the Kirkpatrick Construction Company against the Central Electric Company and others to set aside a judgment rendered against plaintiff by a justice of the

peace. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*E. J. Binford* and *A. H. Brier*, for appellant.
*G. W. Duncan, Ephraim Marsh* and *W. W. Cook*, for appellees.

MONKS, J.—This action was brought by appellant against appellees to have a judgment rendered by a justice of the peace in favor of the Central Electric Company against appellant adjudged null and void and to enjoin its enforcement. The cause was tried by the court, a special finding of facts made, and conclusions of law stated thereon against appellant. The judgment followed the conclusions of law.

It appears from the special finding that the Central Electric Company, by its attorney, on March 6, 1901, filed a complaint before Vinton A. Smith, a justice of the peace of Center township, Hancock county, Indiana, against appellant, a corporation organized under the laws of this State, whose principal office was in said Center township, demanding a judgment on account for $100 for goods, wares, and merchandise sold and delivered by said Central Electric Company to appellant at its special instance and request; that thereupon said justice of the peace, on March 6, 1901, issued a summons for Christian Kirkpatrick and Elmer J. Binford to appear before him at his office on March 15, 1901, at nine o'clock in the forenoon to answer the complaint of said Central Electric Company, wherein the sum of $100 was demanded. This summons, which was the only one issued in said cause, was served the same day by a constable of said township upon said Kirkpatrick and Binford by reading, and returned to said justice of the peace. Afterwards, on the same day, the Central Electric Company, by its attorney, served a notice to take depositions on behalf of said company in said cause on said Elmer J.

Binford, who, in writing, acknowledged service thereof, and waived dedimus and certificate of official character of the officer before whom the same were to be taken, signing his name thereto, "Elmer J. Binford, attorney for defendant;" that the cause of action was entitled in said notice "Central Electric Company v. The Kirkpatrick Construction Company." Said depositions were taken, pursuant to said notices, on March 11, 1901, and afterwards filed in the office of said justice of the peace. Afterwards, on March 15, 1901, a like notice was given by the plaintiff in said cause, and service thereof acknowledged in like manner and character by said Binford. Said Kirkpatrick Construction Company was not present, and took no part in the taking of any of said depositions.

After the first mentioned notice to take depositions was served, and before the day set for the trial of said cause, the attorney for the Central Electric Company, at the office of the justice of the peace before whom said cause was pending, stated to said justice, and said Binford, who was present, that he desired to publish said depositions, and handed them to said Binford for inspection and examination. Binford inspected the package and envelope containing said depositions, and made no objections to the publication thereof. Said depositions were, thereupon, on motion of the attorney for the plaintiff in said cause, published, and the envelope containing the same torn open in the presence of said justice and said Binford. Afterwards, on March 15, 1901, at nine o'clock a. m., being the day and hour set for the trial of said cause, said justice of the peace stated, in the presence of said Binford, that Mr. Duncan, the attorney of the Central Electric Company, who was present, desired a continuance of said action, and said Binford thereupon said that it did not matter when it was tried, and that said Duncan could have all the time he desired, so far as he was concerned; that the justice of the peace entered in his docket

in said cause that the plaintiff appeared by George W. Duncan, its attorney, and the defendant by Elmer J. Binford, its attorney, and by agreement said cause was continued until March 22, 1901, at nine o'clock a. m. No motion or affidavit was filed by the plaintiff for such continuance. Afterwards the case was, by said justice, continued until April 17, 1901, at nine o'clock a. m. On the day and hour last named the plaintiff in said cause appeared by attorney, and the defendant, failing to appear, was called and defaulted, and judgment rendered against it for $32.11 and cost.

Said Elmer J. Binford was, at the commencement of said action before said justice of the peace, and at all times since has been, the secretary of the Kirkpatrick Construction Company, and also its general counsel and attorney. Said Binford was a regular, practicing attorney at the bar of the circuit court of Hancock county during all of said time; that said Christian M. Kirkpatrick was at the time of the commencement of said action, and at all times since has been, the president of said corporation. No answer, or other paper or pleading was filed in said cause by the Kirkpatrick Construction Company, nor was anything done by anyone for or on behalf of said construction company, except as above stated.

Upon the facts found, the trial court adjudged that the judgment rendered against appellant by the justice of the peace, was not null and void, and final judgment was rendered against appellant for cost.

Jurisdiction of the person of a defendant can be acquired only by the issuing of a summons against such defendant and the service thereof by some of the modes provided by statute, or by his voluntary appearance in court in person or by attorney, and submitting to the authority of the court. *Paulus* v. *Latta*, 93 Ind. 34, 41.

The only summons issued by the justice of the peace was against Kirkpatrick and Binford as individuals, and the

service thereof on the persons named did not give the justice any jurisdiction over the Kirkpatrick Construction Company. *Vogel* v. *Brown Tp.*, 112 Ind. 299, 2 Am. St. 187; *Cicero School Tp.* v. *Chicago Nat. Bank*, 127 Ind. 79, 80.

To constitute an appearance so as to give jurisdiction over the person of a defendant in this State, there must be some formal entry, plea, motion, or act, or word spoken in said cause in court which should be shown and determined by the record. *Rhoades* v. *Delaney*, 50 Ind. 468, 471; *McCormack* v. *First Nat. Bank*, 53 Ind. 466, 471, and cases cited. What was said by Binford, the general counsel and attorney for the appellant, who was the the defendant in the cause before the justice of the peace on March 15, 1901, as shown by the special finding, was clearly an appearance for the defendant in said action under the rule above stated. His acts and words were such, in regard to the continuance of the cause, that the justice continued the same without any motion or affidavit on the part of the plaintiff therefor, by agreement of the parties.

Appellant insists that, as Binford was served as an individual in said cause, we must presume that what he said and did before the justice of the peace was in the capacity in which he was summoned, and not as attorney for defendant in that cause. He had, however, after he was served with said summons, as the special finding shows, signed an acknowledgment of service of a notice to take depositions in said cause "as attorney for defendant," the notice showing that the action was that of the Central Electric Company v. The Kirkpatrick Construction Company. He was present before the justice when these depositions were published, and examined the envelopes containing the same. Under such circumstances, he was bound to know who were the plaintiff and defendant in said action, and it can not be said that he did not know that the action in which the agreement to continue was entered was against appellant.

It is not claimed that he had no authority to appear for the defendant in said action, but that a mere agreement to a continuance is not an appearance. This court has held otherwise in *Cox* v. *Pruitt,* 25 Ind. 90, and *Smith* v. *Jeffries,* 25 Ind. 376.

It follows that the court did not err in its conclusion of law. Judgment affirmed.