# GWINNER *v.* GARY CONNECTING RAILWAYS COMPANY.

[No. 22,180. Filed January 6, 1914. Rehearing denied December 15, 1914.]

1. JUDGMENT.—*Default.—Time of Entry.*—Where, on the return day designated in a nonresident notice, the defendant in a condemnation proceeding was duly called in open court, and made default, the court was authorized to render a default judgment at any time during that day, or subsequent thereto, subject, however, to be vacated on a proper showing. p. 554.

2. EMINENT DOMAIN. — *Proceedings. — Judgment by Default.* — While in a strict sense eminent domain proceedings are not ordinary civil actions, the civil code procedure may be invoked in so far as it is applicable and consistent with the eminent domain statute; hence, under proper circumstances, a default judgment may be taken in such proceedings. p. 554.

3. EMINENT DOMAIN.—*Process.—Notice by Publication.*—The eminent domain law (§§931, 932 Burns 1914, Acts 1905 p. 59), expressly provides for notice by publication to nonresidents of the State. p. 555.

4. JUDGMENT.—*Default.—Vacating.*—Where a nonresident defendant in a condemnation proceeding, who was defaulted on the return day fixed in the notice, entered a special appearance the following day and asked that the order appointing appraisers be vacated, which was refused, and four days later filed a verified motion to set aside the default and judgment and to be permitted to file objections to the complaint, which showed that his failure to appear was due to lack of actual knowledge of the pendency of the action, and disclosed objections to the complaint, which, if true, constituted a meritorious defense, the default and judgment should have been set aside. p. 556.

From Lake Superior Court; *Lawrence Becker,* Judge.

Condemnation proceedings by the Gary Connecting Railways Company against Edward Gwinner. From a judgment

denying defendant's application to set aside a default judgment rendered against him, the defendant appeals. *Reversed.*

*Crumpacker & Crumpacker,* for appellant.

*Frank N. Gavit* and *John C. Hall,* for appellee.

SPENCER, J.—Appellee brought this action in the superior court of Lake County for the purpose of condemning certain land belonging to appellant in said county, to be used as a part of the right of way for appellee's main line of railroad. A judgment by default was entered against appellant and appraisers duly appointed. This appeal is taken from the order of the trial court appointing the appraisers.

Under his first assignment of error appellant urges three objections to the action of the Lake Superior Court in rendering a judgment by default on the return day designated in the notice by publication to appellant as a nonresident of the State of Indiana. The first of these objections is that appellant should have been allowed the entire day in which to enter an appearance. The record does not show at what time during the day this judgment was entered but it does show that appellant was duly called in open court and wholly made default. This was sufficient to authorize the trial court, in its discretion, to render a default judgment at any time during said day or subsequent thereto, such judgment subject to be vacated on proper showing. *Kerr* v. *Haverstick* (1884), 94 Ind. 178; *Monroe* v. *Paddock* (1881), 75 Ind. 422.

The second objection is that this is a special proceeding in which no express provision is made for the taking of a judgment by default and, therefore, none should be permitted. It is true that eminent domain proceedings are not in a strict sense ordinary civil actions but are wholly statutory in character; nevertheless, the provisions of the civil code of procedure, so far as applicable and consistent with the special provisions of the statute, may be invoked and we see no reason why, under proper circum-

stances, a default judgment may not be taken. *Morrison* v. *Indianapolis, etc., R. Co.* (1906), 166 Ind. 511, 524, 9 Ann. Cas. 587; *Toledo, etc., Traction Co.* v. *Toledo, etc., R. Co.* (1908), 171 Ind. 213, 223; *Great Western, etc., Oil Co.* v. *Hawkins* (1903), 30 Ind. App. 557, 559.

Finally, it is urged that "the statute governing condemnation proceedings does not specifically provide for notice by publication to nonresidents of the State of Indiana,

3. and the provisions of the general statutes of the State touching such matters should have governed the action of the trial court in this case;" that the notice herein, under the general statutes, is defective. Appellant's contention is that the word "nonresident", as used in the statute providing for notice by publication, refers to nonresidents of the county in which the land in question is located and not to nonresidents of the State. The force of this objection is not apparent. The eminent domain law expressly provides that "Upon a showing, by affidavit, that any defendant is a nonresident of the State of Indiana" notice of the action shall be published "for three successive weeks in a weekly newspaper of general circulation printed and published in the English language in the county in which the land sought to be appropriated is situated, the last publication to be five days before the day set for the hearing." §§931, 932 Burns 1914, Acts 1905 p. 59. The record shows clearly that these provisions were complied with in every detail.

Appellant's second assignment of error is that "the court erred in rendering judgment and adjudging condemnation and in appointing appraisers upon the bare default of appellant and without requiring the appellee Gary Connecting Railways Company to introduce evidence to substantiate and prove the material facts necessary to entitle said appellee to a judgment adjudging condemnation of appellant's real estate." This assignment is not supported by the record, the

entry therein reading as follows: ''This cause is submitted to the court for hearing and trial, without the intervention of a jury, and the court having heard all the evidence and being fully advised in the premises, now finds for the plaintiff that it is authorized to condemn and appropriate the real estate described in its complaint and herein sought to be condemned.'' On the day following the entry of the judgment by default appellant entered a special appearance and asked that the order of court appointing appraisers be vacated. This motion was overruled. Four days later appellant filed a verified motion to set aside the default and judgment and to permit him to file objections to appellee's complaint. This motion was also overruled and the remaining assignments of error challenge these rulings. The verified motion filed by appellant on February 17, to set aside the default entered on February 12, was the only matter heard by the court thereon. The record reads as follows: ''Said motion and affidavit to set aside said default and judgment and order appointing appraisers herein and also said motion asking permission to file said defendant's written and numbered statutory objections to plaintiff's complaint are now submitted and duly presented to the court, and argument of counsel heard thereon, and the court being fully advised in the premises, now separately and severally overrules said motion and affidavit'', etc. The verified petition to set aside the default undertook to show that appellant exercised due diligence in endeavoring to protect his interest in the subject-matter of the action, that his failure to appear was caused by his lack of actual knowledge of the pendency of the action, that he was a nonresident of the State, that he presented to the court, desired to and offered to file his twenty-two written objections to the complaint of appellee and to its right to proceed. These objections as they are termed, while voluminous, do show that, if they are true, appellant had some meritorious defense, and should have been heard. §405 Burns 1914, §396 R. S. 1881; *Bush* v.

*Bush* (1874), 46 Ind. 70; *Wellinger* v. *Wellinger* (1906), 39 Ind. App. 60.

We conclude that justice requires that the default and judgment be set aside and appellant be permitted to be heard. Judgment reversed with instructions to set aside the default of February 12, 1912, to permit appellant to file his objections and to proceed in accordance with this opinion.

NOTE.—Reported in 103 N. E. 794. As to the vacating and setting aside of a judgment entered by default, see 58 Am. Dec. 392. See, also, under (1) 23 Cyc. 754; (2) 15 Cyc. 863; (3) 15 Cyc. 847; (4) 23 Cyc. 913.