**BARNES et al. v. CITY OF ARDMORE.**

No. 18982. Opinion Filed January 29, 1929.

Rehearing Denied May 28, 1929.

Sigler & Jackson and Champion, Champion & Fischl, for plaintiffs in error.

R. B. Brown and Sam H. Butler, for defendant in error.

HALL, C. This was an action by the city of Ardmore to acquire by right of eminent domain certain land for street extension purposes. Timely notice was given the defendants of the filing of the petition, and the day and hour that the application or petition would be presented. The defendants appeared on the appointed day and filed their answer, controverting the material allegations in the petition. The record is not very clear on this point, but it seems that judgment adjudging condemnation and appointing appraisers had already been rendered on the same day, but before the answer was filed. It seems that counsel for defendants requested permission to verify their answer, but it was refused on the ground that the request came too late. The

defendants objected to the rendition of the judgment without first taking testimony in support of the petition. The objections were overruled, and defendants gave notice of appeal to this court. The same objection is relied on in this court, and is the basis of the only proposition urged by plaintiffs in error.

It is generally held, under statutes and Codes of Civil Procedure similar to ours, that under proper circumstances in eminent domain proceedings a default judgment, adjudging condemnation and appointing appraisers, may be taken. Gwinner v. Gray, etc., Ry. Co., 182 Ind. 553, 103 N. E. 794, and cases therein cited.

The petition in the present case contained the material allegations in such cases. No objection was made to the kind or character of notice. It as not error to render judgment by default in the case.

In view of the fact that the defendants did not file a motion to set aside the judgment, and make a proper showing in support thereof, and show an abuse of discretion on the part of the trial court, no relief can be awarded them by this court.

Relief will be granted against an abuse of discretion in refusing or granting a vacation of a judgment before or after term time, as we held in Nation v. Savely, 127 Okla. 117, 260 Pac. 32; but the complaining party must comply with the statutes and established rules of procedure for such remedy.

It therefore follows that the judgment must be affirmed.

BENNETT, HERR, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.