REES ET AL. V. REES ET AL.

[No. 19,264. Filed February 23, 1961. Rehearing denied April 18, 1961.]

*Harry L. Gause* and *Harry H. Hendrickson,* both of Indianapolis, for appellants.

*Russel J. Wildman, Cole, Wildman & Cole, Russell T. Keith* and *Dice & Keith,* all of Peru, for appellees.

COOPER, J.—This appeal is from an action brought by certain appellees in the Miami Circuit Court for the partition of certain real estate in Miami County, Indiana.

The error assigned before us is that (1) the court erred in overruling appellants' motion for a new trial; (2) the court erred in overruling or failing to rule on appellants' petition to modify said judgment; (3) the court erred in overruling appellants' exceptions to Commissioners' amended final report.

From the record now before us, it appears that after the issues were properly closed and the cause submitted to the trial court, the court entered the usual judgment in partition in favor of the appellee, plaintiff below. The pertinent part of the judgment which we are concerned with in this appeal reads as follows: "That the plaintiffs are entitled to recover their attorney fees in an amount to be hereafter determined by the court: That Russel J. Wildman and Russell T. Keith should be appointed as commissioners to make sale of said real estate and divide the proceeds all of which is finally ordered, adjudged and decreed by the court".

Thereafter, the record reveals the appointment of appraisers, their qualifying and the filing of their appraisement; the filing of the bonds of the commissioners, the commissioners' notice of sale and proof thereof; the commissioners' report of sale and the court's examination and approval of commissioners' deed to the respective purchasers.

The record reveals that the Commissioners filed their final report and exceptions were filed to said report, that argument was heard upon exceptions and taken under advisement; that, thereafter an amended final report was filed by said commissioners; *That evidence was heard on amended final report and said report was approved* and that the plaintiff's attorney and the commissioners were each allowed the sum of Twelve Hundred and Fifty ($1250.00) Dollars, each in full for all services, legal and otherwise, connected with this matter. The record reveals that the appellant did not file exceptions to the amended final report of the commissioners, which would have been necessary to save this question. The filing of the amended report necessarily took out of the record the original report and the exceptions filed thereto. *City*

*of Lebanon* v. *DeBard* (1941), 110 Ind. App. 79, 37 N. E. 2d, 718; *Weaver et al.* v. *Apple* (1897), 147 Ind. 304, 46 N. E. 642.

Afterward, the following motion for a new trial was filed:

"The defendants in the above entitled cause, and each of them, move for a new trial herein on each of the following grounds, to-wit:

"1. Irregularities in the proceedings, as follows: The Court appointed opposing attorneys as commissioners. They were not disinterested and compromised the heirs, both as to attorney fees and commissioners' fees. Needless to say, such action was neither proper, customary nor a benefit for the heirs. The defendants were entitled to an unbiased commissioner.

"2. The Court erred in approving commissioners' amended report which included collection of farm crop shares and payment of charges thereon, and charging fees therefor accordingly, when such acts were clearly beyond their powers of appointment; which said powers of appointment reads as follows:

" 'That Russell J. Wildman and Russell T. Keith should be appointed commissioners to make sale of said real estate and divide the proceeds, all of which is finally ordered, adjudged and decreed by the Court.'

"3. The Court erred in approving said amended report wherein plaintiffs' attorneys were allowed $1250.00; this was clearly excessive as to said defendants as their complaint asked for $750.00 and they were not employed by the defandants, and according to said report, defendants are paying two-fifths of this amount.

"4. The Court erred in approving said amended report wherein the commissioners were allowed $1250.00 on a sale of $31,950.00. This allowance was excessive as the prevailing rate is three per cent, which totals $958.50, making said allowance excessive in the sum of $291.50.

"5. Error of law occuring at the time said decision was rendered on said amended commissioners' report whereby the Court erred in overruling petition to modify judgment as to plaintiffs' attorney fees. Defendant should not be required to pay plaintiffs' attorney fees, all of which has been ordered and approved by this Court.

"6. The decision rendered by this Court is contrary to law.

"7. The Court further erred in approving this commissioners' amended report which is defective on its face, as follows:

"A. Paragraph 1, Items 4, 5 and 6, covered money due heirs and which commissioners had no right to collect, expend or now hold. (See order of appointment in Paragraph No. 2)

"B. Paragraph 2, Items 1 and 2. These are not qualified expenses of commissioners, which they had no authority to pay or make charges for.

"C. Paragraph 2, Item 18. This item is clearly excessive as the sales totaled $31,950.00 and taxable for gross income tax purposes is one and one-half per cent, or a total of $464.25, and the heirs were charged therefor in said amended report $468.10.

"8. The Court erred in approving a final report containing charges and court costs on behalf of commissioners for a possession suit, when in fact the matter of possession was not an issue in the case. Powers on part of commissioners for possession not granted in their order of appointment, no petition was filed or order had to file said action, and said charges and expenses were made without defendants' knowledge or consent."

As we have heretofore pointed out, the appellants' first assigned error is an overruling of their motion for a new trial. It is apparent that each specification contained therein could only properly be determined by the evidence in the trial below as all matters presented involve questions of fact, which would have to be based upon evidence.

We have seached the record before us and fail to find a bill of exceptions containing the evidence given in said cause below. It is the general rule of law in our state that where "the evidence is not in the record, and no question can therefore be considered that involves questions of fact". *Briles, Admr.* v. *Prudential Ins. Co.* (1940), 216 Ind. 627, 629, 25 N. E. 2d 240, see also *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 183, 122 N. E. 2d 345, and authorities cited therein.

Although the record before us reveals evidence was heard, we find none in the record. The transcript of the intrinsic record of the trial court imports absolute verity upon appeal. See §2339, Flannagan, Wiltrout & Hamilton's, Indiana Trial and Appellate Practice, 1960 Supp., and authorities cited therein.

On appeal all reasonable presumptions are indulged in favor of the rulings and judgment below. The record on appeal must disclose the errors for which reversal is sought and nothing will be presumed in favor of the appealing parties to sustain the alleged error. *Henderson* v. *Kleinman* (1953), 231 Ind. 657, 109 N. E. 2d 905; *Souerdike* v. *State* (1952), 231 Ind. 204, 108 N. E. 2d 136; *Rudd* v. *State* (1952), 231 Ind. 105, 107 N. E. 2d 168; *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453. We cannot consider the questions raised by the motion for new trial without having the evidence before us.

The second error assigned is "the court erred in overruling or failing to rule on appellants' petition to modify said judgment". It appears from the record that one of the defendants below filed the following petition to modify judgment in partition:

"Comes now Leland Rees, one of the defendants in the above entitled cause, and files this, his verified petition, asking said Court to modify said judgment in the following particulars, to-wit:

"1.   That part of said judgment which reads as follows:

" 'That the plaintiffs are entitled to recover their attorney fees in an amount to be hereinafter determined by the Court.' "

"2.   Petitioner respectfully submits that in a partition action when attorneys are represented on both sides that the question of attorney fees is a matter of contract between the parties and each party is obligated, and ought, to pay their own respective attorneys.

"WHEREFORE, petitioner prays a modification of said judgment in the premises as set forth.

/s/ LELAND REES
Leland Rees—Petitioner"

We note there is nothing in the record showing whether or not the trial court ever ruled upon this motion to modify; however, any error in this respect was waived by the failure of the party below to follow the procedure of Rule 1-13 of the Supreme Court and to further object to any further proceedings until a special judge was appointed as provided by said rule, and the appellant cannot successfully raise this question for the first time on appeal without first following said rule in the court below.

The appellants last assigned error is "the court erred in overruling appellants' exceptions to Commissioners' amended final report". A search of the record fails to disclose the filing of any exceptions by any of the parties to the commissioners' final amended report and as the record imports absolute verity, as we have hereinbefore stated, we must conclude and hold that none was filed. By reason of what

we have stated heretofore, we find no reversible error has been properly presented to us.

Judgment affirmed.

Ax, C. J., and Myers and Ryan, JJ., concur.

NOTE.—Reported in 172 N. E. 2d 435.