AUTO OWNERS INS. CO. ET AL. *v.* BUCKEYE UNION CASUALTY COMPANY.

[No. 19,512.   Filed May 14, 1962.]

*Samuel A. Fuller, Murray, Mannon, Fairchild & Stewart,* of Indianapolis, *Richard T. Lineback,* of Greenfield, *William R. Coen,* and *White, Zimmerman & Coen,* of Dayton, Ohio, for appellants.

*Mark W. Gray, Howard J. DeTrude, Jr., Armstrong, Gause, Hudson & Kightlinger,* of counsel, all of Indianapolis, *Waldo Ging,* of Greenfield, and *J. Brandon Griffis,* of Richmond, for appellee.

MYERS, J.—This was an action for a declaratory judgment brought by appellee, The Buckeye Union Casualty Company, to determine whether or not a certain policy of insurance issued by it to Frank Crandall was in full force and effect and provided liability, medical compensation and collision coverage for Ray

Edward Taylor, who had been involved in an accident on March 20, 1956, with appellant, Mary Elizabeth Walton, whose automobile was insured by The Auto Owners Insurance Company. The trial court found in favor of appellee, The Buckeye Union Casualty Company, and this appeal followed.

It is to be noted that The Auto Owners Insurance Company, Ray Edward Taylor, Frank Crandall and Mary Elizabeth Walton were all made parties defendant in the suit before the trial court. Mary Elizabeth Walton was the only defendant who filed a motion for new trial and subsequently filed a praecipe for a transcript. In the assignment of errors, all parties defendant are named as appellants. However, Mary Elizabeth Walton apparently is the only active party appellant in this appeal. The Buckeye Union Casualty Company, plaintiff below, is named as appellee.

On September 29, 1960, appellant, Mary Elizabeth Walton, filed her transcript and assignment of errors with the Clerk of this Court. On October 28, 1960, she filed her brief.

Appellee, The Buckeye Union Casualty Company, filed a motion to dismiss or affirm the judgment on November 18, 1960, wherein it alleged that the Clerk's certificate certified only part of the transcript; that it is dated June 21, 1960; that the bill of exceptions containing the evidence is certified by the Judge as of September 28, 1960; that such bill of exceptions is not shown to have been filed with the Clerk of the Hancock Circuit Court as required b y Rule 2-3 of the Rules of the Supreme Court. It argues that, because of this variance in dates, the bill of exceptions cannot be considered a part of the record, and, as the grounds for motion for new trial require consideration of the evidence, there is no question presented to this court.

Contained in appellee's motion to dismiss or affirm is an affidavit by the Clerk of the Hancock Circuit Court which, omitting caption and verification, reads as follows:

## "AFFIDAVIT

"F. Max Jones, being first duly sworn upon his oath, deposes and says:

"1. That he is now and at all times herein mentioned was the duly elected, qualified and acting Clerk of the Hancock County Circuit Court of the State of Indiana.

"2. That on this date [November 18, 1960] he has personally examined the Clerk's Certificate made to the transcript of the record in the above entitled cause, which is designated as Cause No. 29489 in the Hancock Circuit Court, and which case is now pending on appeal in the Appellate Court of Indiana under Cause No. 19512, and does hereby state that he signed and sealed the Clerk's Certificate on Page 187 of the transcript of the record in said cause by Deputy now on appeal, and that he did actually sign and seal said Clerk's Certificate by Deputy on the 21st day of June, 1960 as it appears upon the said Clerk's Certificate in said transcript of the record, and that said Clerk's Certificate signed and sealed on the 21st day of June, 1960 is the only Clerk's Certificate that he has signed in said cause, and that the Clerk's Certificate that this affiant has signed and sealed now appears at page 187 in the transcript of the record in this cause now on appeal in the Appellate Court of Indiana.

"Further affiant saith not.

## "F. Max Jones"

On November 29, 1960, appellant filed with the Clerk of this Court a petition for an order directing the correction of the "defective and erroneous certificate now appearing on said clerk's final certificate to the transcript" and changing the date from June 21, 1960, to September 28, 1960, so as to show the

"correct date" when the transcript was certified. Two affidavits were filed in support of this petition. One was signed by William R. Coen, an attorney for appellant, whose averments read as follows:

## "AFFIDAVIT OF ATTORNEY FOR APPELLANT

"William R. Coen, being first duly sworn on oath says:

"That he is one of the Attorneys for Appellants herein and that on September 28, 1960, he presented to the Honorable Samuel J. Offutt, Judge of the Hancock Circuit Court, the bill of exceptions for his approval and certification; that Judge Samuel J. Offutt signed the same; that the transcript and bill of exceptions was then presented to the Clerk of the Hancock Circuit Court.

"That the Clerk requested an entry be filed approving said bill of exceptions and that said entry was filed on the 28th day of September, 1960, (copy attached to Exhibit A); that the Clerk caused an order book entry to be made indicating the approval of the bill of exceptions by the Court; that the Clerk reviewed the transcript, commenting on the marginal notes, and approved the same as being the true transcript in this case, and authorized the undersigned to include his certificate as the Clerk of the Hancock Circuit Court at the end thereof.

"That it was not until November 21, 1960, upon receipt of appellees motion that it was determined that the date had not been changed by the Clerk from June 21, 1960, to September 28, 1960, and that the order book entry had not been included in the transcript.

"Affiant states that the foregoing are matters of fact, that is, that the Clerk did Certify the transcript as being correct on September 28, 1960, including the bill of exceptions after an order book entry had been filed, and that appellants should be permitted to have the transcript corrected to reflect the truth as above set forth.

"William R. Coen"

The other affidavit was signed by the Clerk of the Hancock Circuit Court, being the same person who signed the affidavit appearing in the motion to dismiss or affirm. This affidavit, omitting caption and verification, reads as follows:

### "AFFIDAVIT OF THE CLERK OF THE HANCOCK CIRCUIT COURT"

"F. Max Jones, being first duly sworn on oath says:

"That he is and has been during all the times herein referred to, the duly elected and qualified Clerk of the Hancock Circuit Court.

"That the above-entitled cause is an appeal from the Hancock Circuit Court and was in said circuit court docketed as Buckeye Union Casualty Company vs. Auto Owners Insurance Company, et al, and numbered, 29489.

"That on the 26th day of April, 1960, attorneys for the defendant and appellant herein, filed the following praecipe for transcript:

"To the Clerk of the Hancock Circuit Court:

"You are hereby requested to prepare and certify a complete transcript of the entire record of the above entitled cause, to be used on appeal to the Appellate Court of Indiana. All bills of exceptions shall be included without copying.

"WHITE, ZIMMERMAN & COEN
"RICHARD T. LINEBACK
"By: (S) Richard T. Lineback
"ATTORNEYS FOR DEFENDANT
"MARY ELIZABETH WALTON.

"That pursuant to said praecipe, he prepared, or caused to be prepared a transcript of the record in said case, and on June 21, 1960, his deputy, Gladys Pope, who was in charge of preparing the same finally completed her work up to that date and on said date also typed up a certificate for final certification of the transcript of the record and inadvertently inserted in said certificate the date of June 21, 1960.

"That said transcript was delivered to Richard T. Lineback, Attorney, who on information and belief forwarded same to White, Zimmerman & Coen, Dayton, Ohio; that the bill of exceptions was being prepared simultaneously by Henrietta M. Watson, Official Court Reporter, Hancock Circuit Court, to be forwarded to Dayton, Ohio, to be assembled and indexed prior to final certification by the undersigned.

"That thereafter, on the 28th day of September, 1960, the bill of exceptions in the herein matter was submitted to the Court by the attorneys for the appellant and signed by the Judge and filed with him, as Clerk of the Hancock Circuit Court and such filing thereof was evidenced by an order book entry, attached hereto, and he, thereupon, caused said original bill of exceptions, with the Judge's certificate and signature attached, to be included in the transcript previously prepared by him, and all as requested by said praecipe, and then and there reviewed the transcript as finally completed and authorized appellants attorney, William R. Coen, to place his certificate at the end of said transcript and delivered said completed transcript of the record with his signed and sealed final certificate to the attorneys for the appellant, but inadvertently failed and neglected to properly date his final clerk's certificate as of said date that he actually certified said transcript and failed to include the order book entry approving the bill of exceptions.

"WITNESS my hand and seal of said Court this 28th day of November, 1960.

"F. Max Jones
"CLERK OF THE HANCOCK CIRCUIT COURT"

Subsequently, on December 14, 1960, another affidavit was filed, signed by the same Clerk of the Hancock Circuit Court, which, omitting caption and verification, reads as follows:

"AFFIDAVIT OF THE CLERK OF THE
HANCOCK CIRCUIT COURT"

"F. Max Jones, being first duly sworn on oath says:

"That he is and has been during all the time herein referred to, the duly elected and qualified Clerk of the Hancock Circuit Court.

"That notwithstanding the affidavit of Gladys M. Pope, Deputy Clerk, to the effect that the only Clerk's certificate she signed was the one dated June 21, 1960, there does exist in the transcript an error in the date of the Clerk's final certification, to-wit: The date of June 21, 1960 was a certification of the work done to that date only and that when the undersigned completed the transcript on September 28, 1960, the true and correct date of the *final* Clerk's certificate placed at the end of the transcript should be September 28, 1960, certifying to all of the foregoing matters in the transcript, including the Bill of Exception.

"Witness my hand and seal of said Court this 16th [sic] day of December, 1960.

"F. Max Jones
"Clerk, Hancock Circuit Court"

Because of the seeming contradiction appearing in these affidavits, this court denied appellant's petition and held in abeyance the motion to dismiss or affirm pending final determination of the cause. This action was taken January 25, 1961. No further efforts have been made since that time to correct the record.

The transcript of the record imports absolute verity to the proceedings held in the trial court. *Rees* v. *Rees* (1961), 131 Ind. App. 616, 172 N. E. 2d 435. ██ This is due to the Clerk's certificate which this court must accept as correct unless there is a conclusive showing to the contrary. *Gray* v. *Singer, Administrator* (1894), 137 Ind. 257, 36 N. E. 209, 1109; *Dalton Foundries* v. *Jefferies* (1944), 114 Ind. App. 271, 286, 51 N. E. 2d 13.

Appellant's petition, which is duly verified, states that every item included in the transcript and appearing prior to the Clerk's certificate, which is set forth on the last page of the transcript, was inserted by the Clerk "before he approved same and attached his said certificate thereto on September 28, 1960, and that *no certification was made by him prior to the completion of said transcript in its present condition on said September 28, 1960.*" (Our emphasis.)

However, we are faced with the Clerk's affidavit of November 18, 1960, wherein he says that the Clerk's certificate signed June 21, 1960, "is the only Clerk's Certificate that he has signed in said cause," and that this certificate appears at page 187 in the transcript, being the last page.

We are bound by the transcript which appears before us now. There is no conclusive showing that another Clerk's certificate was ever issued in this cause at a later time to include the bill of exceptions and the filing thereof. Under these circumstances, even appellant admits that the certificate is "defective and erroneous." The whole case is based upon the evidence which is not presented to us for consideration. This is not jurisdictional. *Montgomery Ward & Co.* v. *Thalman* (1950), 120 Ind. App. 473, 88 N. E. 2d 53, 89 N. E. 2d 294, 93 N. E. 2d 352. However, as no grounds of error other than those requiring consideration of the evidence are specified in the motion for new trial or the assignment of errors, this cause must be affirmed as the appeal presents no question to this court.

Judgment affirmed.

Ryan, C. J., and Ax, and Cooper, JJ., concur.

NOTE.—Reported in 182 N. E. 2d 429.