MARION G. CORDILL *v.* CITY OF INDIANAPOLIS THROUGH THE DEPARTMENT OF PARKS AND RECREATION.

[No. 2-673A128. Filed April 14, 1976. Rehearing denied July 6, 1976. Transfer denied September 9, 1976.]

*Claude M. Warren, Goodrich & Warren,* of Indianapolis, *Claude M. Warren, Jr.,* of Indianapolis, *Douglas J. Hill, Cadick, Burns, Duck & Neighbours,* of Indianapolis, for appellant.

*Gary R. Landau,* Corporation Counsel, *Jerry W. Newman,* Assistant Corporation Counsel, of Indianapolis, for appellee.

WHITE, J.—The issue in this appeal is whether the trial court committed reversible error in sustaining a motion to strike the landowner-defendant's exceptions to the report of appraisers[1], which exceptions were filed in an eminent domain proceeding, more than ten days after the appraisers' report was filed. The landowner (Cordill) contends that he was entitled to have a trial on his late-filed exceptions because the court clerk had failed to mail notice of the court's order appointing appraisers to his attorney pursuant to Trial Rule 72(D) and Trial Rule 5, Indiana Rules of Procedure. Under the state of the record in this case we find no error and therefore affirm.

The procedure prescribed by the eminent domain statutes (Ind. Acts 1905, Chapter 48, as amended; Ind. Ann. Stat. §§ 32-11-1-1 to 32-11-1-13 [Burns Code Ed. 1973]) under which the proceedings below were conducted consists of two

---

1. The exceptions are mislabeled "objections" but will be referred to herein by their correct statutory name. See Ind. Ann. Stat. § 32-11-1-8 (Burns Code Ed. 1973).

phases which, insofar as pertinent hereto, are briefly summarized as follows:

*First,* when the complaint is filed a notice is issued and served on the landowner requesting his appearance at a stated time to show cause, if any he have, why the land should not be appropriated. If he believes he has cause he may file "objections". If no objections are filed, or if those filed are overruled, an order of appropriation is entered and three appraisers are appointed and ordered to file their report appraising the damage to the landowner resulting from the appropriation.

*Second,* within ten days of the date the report of appraisal is filed, either or both parties may file "exceptions" to the appraisal.[2] If timely filed, exceptions raise the issue of the amount of the landowner's damages. That issue is tried *de novo* by the judge, or by a jury if timely requested. If no exceptions are timely filed the appraisers' award becomes final.

In the case at bar the landowner, appellant Cordill, employed an attorney who contends he filed an appearance card with the court before the date of the appropriation hearing, but did not attend the hearing because his client, Cordill, had no legal reason to object to the appropriation. He relied on the clerk of the court to give him notice of the order entered at the appropriation hearing so that he would be alerted to file exceptions to the appraisers' report if his client deemed the appraisal too low. However, the attorney's appearance, if filed, never got into the record and the appearance card is not in the court's file. Consequently, he did not get

---

2. The statute has since been amended to require the clerk to mail notice of the filing of the report "to all known parties to the action and their attorneys of record by certified mail" and extending the period for filing exceptions to 20 days commencing with the date of mailing of notice. Ind. Ann. Stat. § 32-11-1-8 (Burns Code Ed., 1975 Supp.). Nothing in the amending statute suggests any intent to give it retroactive effect. (See P.L. 22, 1973, § 8.)

the notice his reliance on Trial Rules 72(D) and 5(A)[3] had led him to assume he would. He did not learn of the filing of the appraisers' report until more than ten days after it was filed. His exceptions being filed more than ten days after the report was filed, were stricken on motion of the city.

It has been consistently held that the trial court acquires no jurisdiction to try the issue of damages if exceptions to the appraisers' report are filed later than ten days after the report is filed.[4] Whether the time is extended if a clerk *who is required to*, fails to give notice of the entry of an appropriation order and/or the filing of the appraisers' report, we need not decide. Under the state of the record in this case the clerk was not required to give

---

3. TR. 5(A) provides that every party not "in default for failure to appear" shall be served (by whom is not expressed) with:
"(1) every order required by its terms to be served;
"(2) every pleading subsequent to the original complaint;
"(3) every written motion except one [1] which may be heard ex parte;
"(4) every brief submitted to the trial court except trial briefs;
"(5) every paper relating to discovery required to be served upon a party; and
"(6) every written notice, appearance, demand, offer of judgment, designation of record on appeal, or similar paper."
TR. 72 provides in pertinent part:
"(D) Notice of orders or judgments. Immediately upon the entry of a ruling upon a motion, an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the Appellate Rules. Service by mail upon any attorney who is present at the time the entry is made shall not be required if such fact is noted in the record or is noted in the docket by the clerk.
"It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the bench docket or on said pleadings or papers so filed, their mailing address, and service by mail at such address shall be deemed sufficient."

4. *Ray* v. *State* (1969), 252 Ind. 395, 248 N.E.2d 337; *State ex rel. Agan* v. *Hendricks Superior Court* (1968), 250 Ind. 675, 235 N.E.2d 458.

notice either to Cordill or to his attorney, since neither had made an appearance in any manner reasonably calculated to put the clerk on notice, as e.g., in the manner required by the last sentence of Trial Rule 72(D) : "It shall be the duty of attorneys when entering their appearance in a cause or when filing pleadings or papers therein, to have noted on the bench docket or on said pleadings or papers so filed, their mailing address, and service by mail at such address shall be deemed sufficient." Neither is there any record that either ever filed an appearance card with the room clerk as required by Rule 2 of the rules of the trial court on file with the clerk of this court April 21, 1971, pursuant to Trial Rule 81(A). In pertinent part said local court Rule 2 reads as follows:

"A. *Written Appearance Card.* An attorney entering an appearance on behalf of any defendant shall properly complete and sign an appearance card. The appearance card shall be in a form prescribed by the Court and shall be furnished to the attorney by the Clerk.

"B. *Filing Appearance Card.* Appearance cards shall be filed with the Room Clerk, who shall properly place the regular file mark of the Court upon the appearance card; and enter the attorneys name and address on the issue docket opposite the title of the case indicating for whom the appearance is made. It shall be the duty of attorneys to see that their appearance is properly filed and entered."

Since neither he nor his attorney had complied with either of those rules, Cordill was in the category of "parties in default for failure to appear", within the meaning of that clause as it is used in Trial Rules 5(A) and 72(D), and that is so regardless of the fact that the appropriation order itself recites that Cordill "appeared" at the time said order was made. Although that record "imparts absolute verity on appeal"[5] and we must therefore assume that Cordill was

5. *Rees* v. *Rees* (1961), 131 Ind. App. 616, 621, 172 N.E.2d 435; *Auto Owners Ins. Co.* v. *Buckeye Union Cas. Co.* (1962), 133 Ind. App. 379, 182 N.E.2d 429.

present in the courtroom when the appropriation order was made,[6] it is not a record that he made an appearance in conformity with the requirements of the local court Rule 2 or TR. 5(A) or TR. 72(D). In fact the record and certificate of the clerk of the trial court is quite to the contrary. Not only is there no record of the filing of an appearance card but there is a certificate by the clerk that no appearance card can be found "in the court's files".

To hold that Cordill was a party "in default for failure to appear" at the time the appropriation order was made or at the time the appraisers' report was filed is not to say that he was thereby precluded from contesting the valuation placed on his property by the court-appointed appraisers. He could do that by timely filing his exceptions to their report regardless of whether he was "in default for failure to appear". Even if he had not been in default for failure to appear he would nevertheless have had to file exceptions *timely* in order to be allowed to make that contest. But if his appearance had been *properly* made at any time prior to the filing of the appraisers' report, it would have been the clerk's duty to serve him with the report. Had the clerk failed to do so there could be a question of when the time began to run, i.e., whether his exceptions filed more than ten days after the appraisers' report was filed were nevertheless timely filed. All this opinion holds is that when there is no *proper* appearance there is no duty on the clerk to serve the appropriation order or the appraisers' report and the time begins to run when the report is filed.

This opinion speaks of the law as it existed at the time these proceedings were had. The law has since been changed

---

6. The briefs of the parties indicate that they are ignorant of the fact that the appropriation order recites that Cordill "appeared". They are in agreement that he did not appear. Furthermore the order appears to be a form with blanks filled in on a typewriter pursuant to local rule 21, A.

by a 1975 amendment incorporated into Ind. Ann. Stat. § 32-11-1-8 (Burns Code Ed., 1975 Supp.). But the only changes that amendment makes which are pertinent to this decision are in these sentences:

"Notice of filing of the appraisers' report shall be given by the clerk of the court to all known parties to the action and their attorneys of record by certified mail. The period of exceptions [which the amendment also extends to twenty days] shall run from and after the date of mailing."

Had that amendment been in effect when the appraisers' report was filed it would have been the clerk's duty to mail notice of filing to Cordill but not to his attorney, since he was not an attorney of record. Had Cordill received that notice within twenty days of its mailing by the clerk and had he communicated that fact to his attorney before the twentieth day after mailing, we can assume the attorney would have then done whatever was necessary to obtain a copy of the report in order to learn whether the appraisal was satisfactory. Further, we can assume that if it was not satisfactory he would have filed exceptions. The statute as amended makes no provision for a landowner's failure to receive notices which are duly mailed, but it does appear to extend indefinitely the time limit on filing exceptions if the clerk fails to mail notice. As to the landowner's right or opportunity to be heard even though he has chosen not to contest the right of the condemnor to appropriate the land, the amendment makes no change in the law. A contest of the plaintiff's right or power to appropriate has never been a condition precedent to a trial on the issue of damages. Whether there is a contestable issue of damages always has, and still does, depend on whether the landowner *timely* files exceptions to the appraisers' report. The new law merely makes it easier for him to know when he must file his exceptions and gives him a longer period in which to do so. In the case at bar, under the old law, landowner Cordill and his attorney could have entitled themselves to the same notice had they made an appearance in conformity with the rules of court. Under the new law (if the

clerk and the U.S. Postal Service do their duty) the landowner will get notice without having made an appearance. But there is nothing in the new law which makes it retroactive.

It was not Cordill's failure to contest the appropriation which put him "in default for failure to appear"; it was his failure to make a proper appearance. Nor was it his failure to make a proper appearance, or his being "in default for failure to appear", which deprived him of the right to contest the appraisers' damage award. It was his failure to file his exceptions on time. All that his being "in default for failure to appear" means is that he had not made an appearance in a manner which creates a duty on the clerk's part to give him notice. As used in TR. 5(A) and TR. 72(D), the expression "in default for failure to appear" does not mean that the party has been "defaulted" (i.e., has been judicially declared to be in default), but merely that he has not yet made an appearance in the prescribed manner.

The practical necessity of requiring an attorney who makes an appearance for a party, or a party who makes his appearance *pro se,* to see that the appearance is *made and recorded* in the prescribed manner and place should be apparent—especially in a busy metropolitan court whose clerk serves many courts through deputies and so-called "room clerks". The busy room clerks and their assistants must be able to routinely and expeditiously determine to whom and to what addresses notice should be sent. They should not be required to search the record for that information. Furthermore, an attorney employed by a client to protect his interest in a pending case must acquaint himself with both the Indiana rules of procedure and the local court rules and must anticipate that mistakes will be made by the court's clerical staff and must not only "file" his appearance but must see to it that it is properly entered. He must also, by virtue of TR. 5(A), serve all other parties "not in default for failure to appear" with his appearance.

At the time Cordill's exceptions *were* filed the damages

stated in the appraisers' report had become a final award and the trial court was without jurisdiction to alter it.[7] The court committed no error in striking the exceptions.

The judgment is

Affirmed.

Buchanan, P.J., concurs; Sullivan, J., dissents with opinion.

### DISSENTING OPINION

SULLIVAN, J.,—I respectfully dissent.

Cordill was here entitled to the notice protections of TR. 72(D) and of TR. 5(A) for he was not "in default for failure to appear". The appropriation order clearly states that Cordill "appeared" at the appropriation hearing and as the majority opinion has duly noted, that record entry imports absolute verity upon appeal. Having appeared, Cordill could not be held to be in default for failure to appear.

Even were it otherwise, I could not agree with my colleagues. Thus, even if Cordill was not present at the appropriation hearing or if I were to construe his recorded presence at the hearing to be something other than an appearance within the contemplation of TR. 72(D),[1] (see Eaton v. Union County Nat'l Bank (1895), 141 Ind. 159, 40 N.E. 693; but see Kirkpatrick Construction Co. v. Central Electric Co. (1903), 159 Ind. 639, 65 N.E. 913) I would be unable to concur.

Certainly Cordill was, by failing to object to the appropriation, thereafter precluded from contesting that determination. But the issue for resolution thereafter, i.e., assess-

---

7. State v. Rousseau (1936), 209 Ind. 458, 199 N.E. 587.

1. In this regard, it is my belief that contrary to the local court Rule 2, as quoted by the majority opinion, and contrary to the statement of the majority, an attorney is not bound to see that his appearance is entered. It is enough that the appearance be filed. Counsel should not assume incompetence on the part of the Clerk whose duty it is to see that the appearance is entered of record. Nor should he be required to anticipate clerical oversight. I perceive the majority's construction of the local court rule and of its consequences to place an unconscionable burden upon attorneys.

ment of benefits and damages are not concluded by an order of appropriation. That issue is entirely separate and distinct from the issue or issues determined at the interlocutory stage. *Morrison* v. *Indianapolis & Western Ry. Co.* (1906), 166 Ind. 511, 524, 76 N.E. 961, 965. Eminent domain proceedings, unlike normal civil litigation in which defaults are entered, are peculiarly bifurcated.

The General Assembly has taken recent notice of this fact by making absolute provision for notice to the landowner of the filing of the appraisers' report without regard to whether a formal appearance has been filed on or prior to the date set for hearing of the right of the condemnor to appropriate the real estate. Thus the statute, Ind. Ann. Stat. § 32-11-1-8 (Burns Code Ed. 1975 Supp.), now guarantees a landowner an opportunity to be heard with respect to the damages due him for the land appropriated even though he has chosen not to contest the right of the condemnor to appropriate the land. We should do no less for those operating under the prior statute.

It is inappropriate to speak of the owner's failure to appear and contest the appropriation as a "default". But see *Gwinner* v. *Gary Connecting Ry. Co.* (1914), 182 Ind. 553, 103 N.E. 794. In the *Gwinner* case, the court upheld a judgment by default and an order appointing appraisers but relied upon *Morrison* v. *Indianapolis & Western Ry. Co., supra.* The Court in *Morrison* v. *Indianapolis & Western Ry. Co., supra,* stated:

> "In the proceedings at bar, had appellants failed to appear and interpose any objections to the proceedings, then, under such circumstances, the court could, under section four, have treated the complaint as admitted, *as in the case of* a default, and if satisfied of the regularity of the proceedings and the right of appellee to exercise the power of eminent domain for the use sought might then have proceeded to enter an interlocutory order appointing appraisers." (Emphasis supplied)

It is important to note that the *Morrison* court did not say that a landowner who fails to appear and object is in default.

The court said merely that such person, for purposes of entry of a binding appropriation order, would be considered *as if* he were in default. The failure to appear therefore should have its "defaulting" effect only with respect to that first separate and distinct stage of the bifurcated procedure.

That Cordill was not in default here, is, to me, demonstrated by reference to our Rules of Civil Procedure.

TR. 55 which governs defaults and the taking of judgments against those in default specifies:

> "(A)   When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise comply with these rules and that fact is made to appear by affidavit or otherwise, the party may be defaulted."

I am unaware of any Rule of Indiana Trial Procedure with which Cordill has failed to comply. Neither can it be said that Cordill was in default for failure to plead, for he was not required to do so. The controlling section of the Eminent Domain statute is Ind. Ann. Stat. § 32-11-1-5. It makes the filing of objections to the appropriation permissive in that it states:

> "And defendant *may* object to such proceedings. . . ." (Emphasis supplied).

Eminent Domain actions are thus unlike civil actions which require a responsive pleading. See TR. 4(C) (5) ; TR. 4.13(B) (6) ; TR. 6(C) ; TR. 7(A) ; TR. 8(A), (B), (C) and (D). The eminent domain proceeding is more in the nature of the special statutory action considered in *City of Gary* v. *Baker* (1975), 166 Ind. App. 26, 333 N.E.2d 808, although in the latter case, the statute specifically stated that no responsive pleading was required of the City. In any event, I read the permissivle language of § 32-11-1-5 to not require the filing of objections to eminent domain proceedings. When a responsive pleading is not required, the failure to appear does not place a party in default. *City of Gary* v. *Baker, supra.*

Cordill was entitled under TR. 72(D) to notice of the appropriation order. Only through such notice could he have

been made aware of the date fixed upon which the appraisers were required to file their report and thus take initial steps to protect himself against the ten day period within which to file exceptions.

Furthermore, I believe that Cordill was entitled to be served with a copy of the appraisers' report itself, as contemplated by the spirit if not the literal words of TR. 5 (A).[2]

Had either such "notice" provision been followed, Cordill would have been afforded his rightful opportunity to be heard upon the issue of damages. In this case, he was not accorded a reasonable opportunity to be heard.

I would reverse and remand with instructions to grant Cordill leave to file exceptions to the appraisers' report and for further proceedings and trial upon the issues framed by such exceptions.

NOTE.—Reported at 345 N.E.2d 274.

2. "Trial Rule 5—SERVICE AND FILING OF PLEADING AND OTHER PAPERS

(A) Service: When required. Unless otherwise provided by these rules or an order of the court, each party shall be served with

(1) every order required by its terms to be served;

(2) every pleading subsequent to the original complaint;

(3) every written motion except one which may be heard ex parte;

(4) every brief submitted to the trial court except trial briefs;

(5) every paper relating to discovery required to be served upon a party; and

(6) every written notice, appearance, demand, offer of judgment, designation of record on appeal, *or similar paper.* No service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4." (Emphasis supplied).